### ELLIOTT, ADM'X V. ESLAVA.

1. The resignation of an executor or administrator will not abate a suit then pending. If there be more than one, the suit will proceed in the name of or against those remaining; if he is the sole representative of the estate the suit will be revived in the name of his successor.
2. A plea that the defendants were not *joint* administrator and administratrix is frivolous.
3. An *estoppel* must, in general, be pleaded; if offered in evidence, the jury are not precluded from finding the truth of the case.
4. Upon the trial of an issue whether the defendant was administratrix at the time the suit was commenced, the record of the County Court showing the time of the appointment, is evidence of a higher grade, than the statement of the time of her appointment, in the bond executed by her as administratrix.

Error to the Circuit Court of Mobile.

THIS was an action of assumpsit, brought in the Court below, by the defendant in error, against the plaintiff in error, as administratrix, and Frederick S. Blount, as administrator of John Elliott, deceased. The writ was executed on both defendants and both were declared against.

The defendants pleaded:

1. The general issue.

2. That they, nor neither of them, were administrator or administratrix of John Elliott, deceased, as in the declaration alleged, but that one George J. S. Walker, was duly appointed and qualified as the administrator of said estate.

3. That defendants are not, and were not, at the time of suing out the plaintiff's writ joint administrator and adminitratrix of the estate of the said John Elliott, deceased.

4. And the said Margaret Elliott, for further plea, saith that at the time of suing out the plaintiff's writ in this case, she was not, and is not the administratrix of the said Elliott's estate, but that one Frederick S. Blount, was then and there, and now is the administrator, *de bonis non* of said estate and this, &c.

Upon the first and fourth pleas, the plaintiff took issue. To the second plea, a replication was filed, that Margaret Elliott, was administratrix; and to the third plea, he demurred, which demurrer was sustained by the Court.

At a subsequent term of the Court, the resignation of Blount, one of the defendants, was suggested and the cause continued, and at the succeeding term, the following entry appears. Motion by plaintiff's attorney for leave to amend the declaration, by striking out the name of F. S. Blount, his resignation having been suggested at a former term of this Court, is granted. And the issues of fact being tried and found for the plaintiff, judgment was thereon rendered.

From a bill of exceptions taken, pending the trial, it appears that the plaintiff, to maintain the issues on his part, offered in evidence to the jury, the promissory note declared on, and a bond executed by the defendant, Margaret Elliott, on the 27th March, 1839, payable to the Judge of the County Court of Mobile, in the penal sum of twenty thousand dollars, with the following condition: The condition of the above obligation is such, that whereas, the above bound Margaret Elliott, has been duly appointed administratrix of the estate of John Elliott, deceased, in place of Frederick S. Blount, resigned: Now, if the said Margaret Elliott, &c.

To the introduction of this bond in evidence, the defendant objected, but the objection was overruled by the Court.

The defendant then proved that Walker and Blount, had successively qualified as administrators on the estate, and that afterwards, on the 27th of June, 1839, she was duly appointed, and qualified as administratrix, *de bonis non,* of said estate.

The defendant then moved the Court to instruct the jury, that as this was a joint action and the plaintiff had dismissed as to one of the defendants, he could not recover in this action against the other defendants, which charge, the Court refused, and the defendant excepted; and further, moved the Court to charge, that inasmuch as the defendant was administratrix, *de*

36.

*bonis non*, of John Elliott, the plaintiff could not recover against her as administratrix in chief, which the Court refused, and to which the defendant excepted.

The defendant further requested the Court to charge the jury, that if the defendant was not appointed and qualified as administratrix *de bonis non*, until after the institution of this suit, that then the plaintiff could not recover, which charge the Court refused, and instructed the jury that if the administration bond of the defendant bore date before the institution of this suit, she was thereby estopped, and that it was immaterial, whether she had been appointed and qualified before the institution of this suit or not, to which the defendant excepted.

The assignments of error are,

1. The dismissal of the suit against Blount.
2. That there was a misjoinder of parties.
3. The matters set forth in the bill of exceptions.
4. The judgment on the demurrer to the third plea.

CAMPBELL, for the plaintiff in error—cited 6 Wendell, 284; 8 ib. 9; 5 Stew. & Por. 181; 1 Al. Rep. 330.

No counsel appeared for the defendant in error.

ORMOND, J.—By an act of the Legislature, Aikin's Digest, 179, § 9, "an executor or administrator may by writing, by him subscribed, and delivered into the clerk's office, resign his authority." There is no restriction or limitation to the exercise of this right, and when exercised by him, as his authority is at an end, he ceases from that time to represent the estate. Although the statute is silent, as to the effect such resignation shall have on suits then pending against the executor, we think it clear that it will not have the effect to abate the suit. By the 8th section of the same law, it is provided, that suits commenced by an administrator, *ad colligendum*, shall not abate by the appointment of an administrator in chief, but be continued in his name. The 30th section of the same law, expressly declares, that "when any suit may have been commenced on behalf of, or against the personal representatives of any testator or intestate, the same may be prosecuted by or against any person or persons who may afterwards succeed to such administration, and may at any time be made parties on motion."

This is decisive to show that the suit did not abate; such would not have been the effect, if the administrator who resigned, had been the sole defendant, and by necessary consequence, no such result can flow from his resignation, there being a representative of the deceased, a party to the suit still remaining.

The case of Thomason & Haynes v. Blackwell, 5 Stew. & Porter, 181, has been referred to, as an authority to show that an executor cannot resign pending a suit. That case was depending in the Orphans' Court, and after the trial of an issue, which ascertained the liability of the executior, but before a decree was rendered by the Court on the verdict, he tendered his resignation, which the Court refused to receive. This Court held, that whatever might have been the effect of a resignation at an earlier stage of the proceedings, it could have no effect after the liability of the executor was ascertained, and nothing remained to be done but the rendition of the decree. The Court too, lay stress on the fact, that the proceeding was in the Orphans' Court, where the resignation must be made.

It is obvious, that the decision made in the case cited, cannot affect this case, where the suit was depending in the Circuit Court, and the liability of the administrator, undetermined at the time the resignation was made. It might also, well be questioned, whether, if erroneous, any one but the plaintiff below, could take advantage of it. It results from what has been said, that the resignation of an executor or administrator will not abate a suit; if there be more than one, the suit will proceed in the name of, or against those remaining; or if he be the sole representative of the estate, will be revived in the name of his successors.

The demurrer to the third plea was properly sustained. It was wholly immaterial, whether the defendants qualified as administrators jointly or severally the plea being utterly frivolous; would have been stricken out on motion, and would therefore be bad on demurrer. The remaining question arises on the bill of exceptions.

The issue between the parties, was whether Margaret Elliot, the remaining defendant, was administratrix of the estate, when the suit was commenced. To prove that she was, the plaintiff read in evidence her administration bond, which bore date previous to the commencement of the suit, and in which

it was recited that she had been appointed administratrix of the estate of John Elliott, deceased. The defendant then proved that she was appointed and qualified administratix *de bonis non*, on the 27th June, 1839, and after the commencement of this suit. The Court charged that she was estopped by her bond from denying the fact that her appointment was not anterior to the commencement of the suit.

The general rule is, that a party is estopped from denying what he has by his bond admitted to be true, but if the opposite party omits to plead it, he hereby consents to waive it and the jury will not be prevented from finding, according to the truth of the case. Trevivian v. Laurence, 1 Salk. 276; Kilheffer v. Herr, 17 Serg. & Rawl. 322; Howard v. Mitchell, 14 Mass. 241. Here the bond was offered in evidence, merely to prove the issue and therefore not conclusive on the jury, if the fact there admitted, was shown not to be true.

The testimony offered to contradict the bond, is not set out in the record. If, as we may presume, it was the record of the County Court, showing the time of the appointment and qualification of the administratrix, it was testimony of a higher grade than the admission of these facts in the bond. The date of the bond may be a mistake, or the bond may have been given in anticipation of the appointment on the same day, which was not done. Be this as it may, when the question to be determined, is the existence of a fact, which is matter of record, though the admission of the fact in a bond, would be proof of its existence, it would not be conclusive against the record, which is the highest evidence of the fact. If therefore, in this case, the bond had been pleaded as an estoppel, by the plaintiff, in his replication to the plea, the defendant, in her rejoinder, could have vouched the record of the County Court, showing the true time of the appointment, and qualifying of the administratrix, and it would have been a sufficient answer to the replication.

The Court, therefore erred in its charge to the jury on this point, and its judgment is therefore reversed, and the cause remanded.