# Blackman *v.* Dowling.

### *Action on Promissory Note.*

1. *Public documents; how proved.*—Section 2694 of the Revised Code, which authorizes the admission in evidence of public documents on the certificate of the head of a bureau or department of the general government, is cumulative merely, and does not exclude examined copies verified by the evidence of a competent witness, admissible under the rules of the common law.

2. *Garnishment in justice's court; how proved.*—Proceedings before a justice of the peace in a garnishment suit are necessarily in writing, and though not technically records, must be produced or proved by sworn copies; it is error to allow them to be proved by parol, in the absence of a proper predicate therefor.

[Blackman v. Dowling.]

APPEAL from Circuit Court of Dale.

Tried before Hon. H. D. CLAYTON.

The appellant, Blackman, brought suit against the appellee, Dowling, to recover the amount of a promissory note which Dowling had made to Blackman, which recited that it was given for Blackman's " part of the mail contract on route 6789 in Alabama," and that certain deductions were to be made in event the pay was decreased or the route abolished.

The case was tried on plea of set-off, failure of consideration, &c., and resulted in a verdict for the defendant.

Dowling, to show that reductions had been made to such an extent as absolved him from any liability on the note, took the deposition of J. J. Martin, who resided in Washington. Martin states, in his deposition, that he is " auditor of the treasury of the post-office department, and my duties are to audit and settle the accounts of parties who have claims against the post-office department." Among the interrogatories propounded to him were the following: "State whether any deduction of pay on said route and contract was made by order of the post-office department at any time; and if yea, the date of such order and the amount of such deduction per quarter?" The witness stated in answer to this that the first order changing the pay was dated September 15, 1869, as follows: " September 15, 1869. Extend route ten miles, to commence at Clayton, and add $123 to annual pay from October 1, 1869." He then testified, in the same way, to other orders reducing length of mail service and reducing pay, and appended an exhibit of the account as settled, and the different payments thereon. The answers to these questions were objected to by the plaintiff, because the witness does not state that the order mentioned is a correct copy of the order; because he does not state that he is the proper custodian of the records of the post-office department of the United States, and because there is no certificate of the correctness of said order by the head of a bureau or department of the United States. These objections were overruled, and the answers read in evidence, and the plaintiff excepted.

The defendant " testified that he had been garnisheed in a justice's court in favor of one Bear, to answer what he was indebted to plaintiff, and that he had paid between five and ten dollars on said garnishment suit." The plaintiff objected to the admission of this evidence, on the ground that no record or transcript of the proceeding in the justice's court had been produced, and no predicate laid for secondary evidence.

The court overruled the objections, and admitted the evidence, and the plaintiff excepted.

The rulings to which exceptions were reserved are now assigned for error.

W. D. ROBERTS, for appellant.

W. C. OATES, *contra.*

BRICKELL, C. J.—The statute (R. C. § 2694) is cumulative, authorizing the admission in evidence of public documents on the certificate of the head of a bureau ·or department of the general government. It does not exclude examined copies, verified by the evidence of a competent witness, admissible under the rules of common law.—1 Green. § 91. There was no error in overruling the objections taken to the evidence of the witness Martin.

But in allowing parol evidence of the garnishment against the appellee, as the debtor of appellant, and the judgment before the justice of the peace, the circuit court erred. The proceedings before the justice were necessarily in writing, though not technically records, and must have been produced or proved by sworn copies.—*Ware v. Robeson,* 18 Ala. 105; *Jones v. Davis,* 2 Ala. 730; *Kennedy v. Dear,*. 6 Port. 90. For this error the judgment must be reversed, and the cause remanded.