# Burnett *et al.*, Administrators, *v.* Nesmith, Administrator.

## *Action on Bond.*

1. *Order of Probate Court appointing administrator; presumptions as to, on collateral assault.*—On collateral assault, an order of the Probate Court appointing the sheriff administrator of an estate, can not be held void, because the record does not disclose that there was no general administrator of the county, and no other fit person who would administer. As to such matters the court is one of original, general and unlimited jurisdiction; and the same presumptions must be made in favor of its decrees, as prevail in favor of decrees of courts of general jurisdiction.

2. *Grant of administration; who can not question validity of.*—Neither the sheriff nor his securities can be heard to question the validity of such grant, after the sheriff had accepted and acted under the grant, obtaining possession of the assets and converting them.

3. *Bond; what does not invalidate.*—Where, because of an administration committed to the sheriff, his bond becomes insufficient surety, and the probate judge thereon notifies the Commissioners' Court, then in session, which required the sheriff to give an additional bond in a penalty larger than that of a former bond, the fact that the judge of probate took and approved an official bond. reciting the facts, without stating the penalty prescribed in said order, and fixed the penalty at a much greater sum than that required in the order, will not render the bond invalid.

4. *Bond; who may sue on.*—When an additional bond is required of and

[Burnett et al., Adm'r, v. Nesmith, Adm'r.]

executed by a sheriff, any person aggrieved by his subsequent defaults is entitled to sue on either the original or additional bond.

APPEAL from Fayette Circuit Court.

Tried before Hon. WM. S. MUDD.

This was an action by the appellee, Thomas B. NeSmith, as the administrator *de bonis non* of the estate of Isaac Mayfield, against the appellants, Peyton Burnett and Thomas J. Hogan, as the administrators of the estate of George Brown, and seeks to recover from the administrators of Brown the amount of a devastavit committed by George Cannon, as administrator in chief of the estate of said Mayfield, said Brown being one of Cannon's sureties.

Mayfield died intestate in 1861 or 1862, and Cannon, on the 5th of January, 1863, was appointed his administrator. Cannon was, at the time, sheriff of the county, acting as such under a statutory bond in the sum of ten thousand dollars. The order appointing him recites that, "This day came John T. Meador and filed his statement in writing and under oath, alleging therein that Isaac Mayfield, of this county, had departed this life more than twelve months past, without any will, and that said Mayfield left an estate to the amount of some ten or fifteen thousand dollars, which is liable to waste without the care and protection of an administrator; and the said Meador also alleges, that the said estate is indebted to him, wherefore he asks the court to appoint some suitable person administrator upon said estate so that he may be able to collect the money due therefrom; and none of the next of kin of said deceased having applied for said administration, and the property thereof being wasting, &c. It is ordered that George Cannon, now acting sheriff of said county, be and he is hereby, by virtue of his office as sheriff as aforesaid, duly appointed administrator *ex officio*," &c. Under this appointment, Cannon took possession of and administered on the estate of Mayfield. On the trial the plaintiffs offered in evidence the record of an order of the Court of County Commissioners, made on the 8th day of December, 1862, requiring said Cannon, as such sheriff, to give an additional bond in the sum of twenty thousand dollars. To the introduction of this evidence the defendants objected; their objections were overruled and they excepted. Plaintiffs then offered in evidence the bond of Cannon, on which the defendant's intestate was a surety. This bond is in the penal sum of fifty thousand dollars, and is dated December 15, 1862; it recites the election and qualification of Cannon as sheriff and the making of a prior bond in the sum of ten thousand dollars, and proceeds, "and the

administration of some estates, now coming into his hands
as such sheriff, the Court of County Commissioners ordered,
on the 8th day of December, 1862, that the said George Can-
non, sheriff aforesaid, enter into an additional bond for his
performances," &c.   There was also in evidence the record
of a decree against Cannon, as administrator, in favor of
NeSmith as administrator *de bonis non* of Mayfield, upon a
settlement of the administration in chief, and a return of no
property on an execution against him.    John D. Terrell,
a witness for the plaintiff, testified that he was the judge of
probate of Marion county at this time, and was such at the
time Cannon executed the bond sued on ; that said bond
was executed in the penalty of fifty thousand dollars, be-
cause he, as such probate judge, after the order requiring
Cannon to execute a new bond, told said Cannon that he
would not appoint him, as such sheriff, administrator of this
and other estates, unless such bond was given, and that upon
the execution of the bond sued on, Cannon was appointed
administrator of the estate of Mayfield and administered on
it.   To the introduction of this evidence the defendants
objected, their objections were overruled, and they excepted.
This was, in substance, all the evidence, and the court charged
the jury, "that if they should believe from the evidence that
the bond, upon which this suit was brought, was made in
order to enable the said Cannon, as sheriff of Marion county,
to attain the administration of the estate of Isaac Mayfield
and others who had died intestate in said county of Marion,
and that said Cannon, by virtue of his office of sheriff of said
county was, by the judge of probate of said county, appointed
administrator of the estate of said Isaac Mayfield, deceased,
and that he would not have been appointed such adminis-
trator unless he had executed said bond; and if the jury shall
further believe that the appointment of said Cannon, as
administrator of said estate of Isaac Mayfield, was made after
the execution of said bond, and that he, in pursuance of said
appointment, took possession of the assets and effects of said
estate and administered the same, and acted under said bond
in administering said estate, then said Cannon and his sure-
ties in said bond are liable on the same for any default."
To this charge the defendants excepted, and asked the follow-
ing written charges :   1.  "That if they believe from the evi-
dence that said Cannon, sheriff, acted as such administrator,
as well under said ten thousand dollar bond as under the
fifty thousand dollar bond, the presumption of law is that he
acted under the ten thousand dollar bond and not under the
fifty thousand dollar bond, and no recovery can be had in
this case on the fifty thousand dollar bond."   2. If the jury

believe from the evidence that the said Cannon acted as such administrator under two bonds, the one a statutory bond and the other a common law bond, that there can be no recovery in this case on the common law bond, unless it be shown that the remedies on the statutory bond had been exhausted. 3. If the jury believe from the evidence, that the Commissioner's Court, as a court, ordered that said Cannon should give a twenty thousand dollar bond, and that the judge of probate aforesaid, of his own volition, required and insisted that said Cannon should give a fifty thousand dollar bond, instead of the twenty thousand dollar bond, as so ordered, and that said fifty thousand dollar bond was executed in deference to this requirement of the said judge, and is the bond sued on; and that at the same time there existed a valid statutory bond of ten thousand dollars, under which said Cannon was acting as sheriff, that then the said order of the said court is no legitimate basis for the said fifty thousand dollar bond, and no recovery can be had upon it in this case. 4. If the jury believe from the evidence that the said Cannon acted as such administrator under a valid statutory bond, ample to cover the deficit in this case, and also under the fifty thousand dollar bond sued on, that then the remedies on the said statutory bond must be first exhausted, before a recovery can be had on the fifty thousand dollar bond." The court refused to give each of these charges, and the defendants separately excepted.

There was a verdict and judgment for the plaintiffs, and the defendants bring the case here by appeal, assigning as error the various rulings to which exceptions were reserved.

W. R. Smith and S. M. Wood, for appellant.

E. P. Jones, contra.

BRICKELL, C. J.—It is contended by the appellants, that the order of the court of probate appointing Cannon as sheriff, administrator of the estate of Mayfield, is void, because the record of the appointment does not disclose that there was no general administrator of the county, and no other fit person who would administer. The statute on which the argument is founded, is in these words: "In case there is no general administrator, and no other fit person will administer, the court may commit administration to the sheriff or coroner of the county."—Code of 1876, § 2363. The constitution of force when the administration in question was granted, conferred on the court of probate original, general and unlimited jurisdiction of the grant of letters tes-

tamentary, and of administration, creating it, as to that matter, a court of general jurisdiction. Its sentences, therefore, as to the grant of administration, are, when collaterally assailed, protected by the presumption extended to the judgments and decrees of all courts of general jurisdiction. Whatever within the jurisdiction is done, will be presumed rightful, until the contrary is shown. Facts which must have been ascertained by the court to exist, and upon the existence of which the regularity of its action depends, will be conclusively presumed to have been ascertained, unless the record affirmatively discloses the contrary.—*Ikelheimer v. Chapman*, 32 Ala. 676; *Gray v. Cruise*, 36 Ala. 559; *Coltart v. Allen*, 40 Allen, 155; *Russell v. Erwin*, 41 Ala. 292. The grant of administration to Cannon can not be pronounced void. Nor can it be admitted that he or his sureties, after he had accepted and acted under the grant, obtaining possession of the assets, and converting them, can be heard to question the regularity and validity of the grant.—*Thompson v. Bondurant*, 15 Ala. 346; *McWhorter v. McGehee*, 1 Stew. 546; *Sprowl v. Lawrence*, 33 Ala. 674; *Alston v. Alston*, 34 Ala. 15; *Williamson v. Wolf*, 37 Ala. 298.

It is next contended, the bond on which the action is founded is void, because it was taken by the probate judge of his own volition, in the absence of any statute expressly authorizing it, in a penalty greater than that which the court of county commissioners prescribed, and when the principal was acting as sheriff, under a valid statutory bond, sufficient in penalty to cover the default he has committed. The statute of force when the bond was executed, conferred on the judge of probate the authority to fix the penalty of the original official bond of the sheriff, not limiting the power in any respect, except that the penalty should not be less than five thousand dollars.—R. C. § 814. The grant of administration to Cannon, attached to his office of sheriff, and his official oath and bond, were a security for his faithful administration.—R. C. § 2010. The power to prescribe the penalty of the general official bond of the sheriff may be exhausted, when the bond is taken and approved, and there may not be in the probate judge any power subsequently to alter it.— *Harris v. Bradford*, 4 Ala. 214. And it is true there was no statute expressly conferring on the judge of probate, or the court of probate, authority to require of a sheriff an additional bond on the grant of an administration to him. Yet, if a faithful administration is to be secured, and the interests of creditors and next of kin are to be protected, there will often be a necessity for the exercise of such a power. The assets of a particular estate may, and often in fact, largely

[Burnett et al., Adm'r, v. Nesmith, Adm'r.]

exceed the penalty of the general, or original official bond, which then becomes inadequate security. In that event the statute requires that the probate judge shall notify the grand jury, if the circuit court is in session, or if it is not in session the court of county commissioners, and an additional bond may be required.—R. C. § 2033. The circuit court not being in session, notice was given the court of county commissioners by the probate judge, and the bond in suit was executed, in the penalty of *fifty*, instead of *twenty* thousand dollars as prescribed by the court. Whether this would have any influence on it as a statutory bond, at common law, was decided in *Bagby v. Chandler*, 9 Ala. 770. There, the existing statute required that a constable's bond should be in the penalty of one thousand dollars, and it was taken in the penalty of two thousand dollars. The court said: "In our judgment, this does not affect it as a statutory bond. We need not consider whether the party could be made liable beyond the statute penalty, considered as a bond under the statute. For that amount it is certainly good under the statute." Now the statute, in express terms, declares the validity of official bonds, if the officer acts under them, is not affected, because they are not in the penalty, or payable, or with condition as prescribed by law.—Code of 1876, § 181. Before the enactment of the statute it was often decided that a statutory bond was not void because it varied from the form prescribed by the statute. So far as it conformed to the statute, it was valid; and if invalid for the residue, it was because it was violative of public policy.— *Whitted v. Governor*, 6 Port. 335 ; *Whitsett v. Womack*, 8 Ala. 466 ; *Boring v. Williams*, 17 Ala. 510 ; *Walker v. Chapman*, 22 Ala. 116. The judge of probate may not have had authority to increase the penalty of the bond beyond the sum the court of county commissioners had prescribed, but the want of authority does not render the bond invalid.

When an additional bond is required from and executed by a sheriff, any person aggrieved by his subsequent default is entitled to sue on either the original or additional bond. Code of 1876, § 190.

There is no error in the rulings of the circuit court, and its judgment is affirmed.