# Kling *et al.* v. Connell *et al.*

*Petition by Sureties on Administrator's Bond to have Executions against them quashed.*

1. *Appointment of an administrator; can not be collaterally assailed.*— VOL. 105.

[Kling *et al.* v. Connell *et al.*]

When a probate court makes an appointment of an administrator of the estate of a deceased person, it is presumed that said court previously ascertained the existence of the jurisdictional facts, without which the power of appointment could not have been legally exercised, and the validity of the appointment can not be collaterally assailed, nor can it be questioned except by a direct proceeding for that purpose.

2. *Same; same; sureties on administrator's bond can not have executions against them quashed because administrator was wrongfully appointed.*—Where letters of administration have been granted by the probate court in one county upon the estate of a decedent, who, at the time of his death, resided in another county, such grant is only voidable and not assailable collaterally ; and a motion by the sureties on the bond of the administrator so appointed, to quash executions issued against them as such sureties, on the ground that the letters of administration were issued in the wrong county is a collateral attack upon the validity of the appointment of said administrator, and can not be maintained.

3. *Same.*—When, in such a case the administrator so appointed by the probate court of the wrong county, accepts the appointment, and acting thereunder, obtains possession of the assets of his intestate's estate, and converts them, neither the administrator nor the sureties on his bond can question the validity of his appointment; and the fact that the administration bond was executed by said administrator as general administrator of the county several years before the grant of the said administration gives the sureties no additional rights, since they became bound thereby for the proper administration of all estates that might be committed to their principal by the probate court of such county.

APPEAL from the Probate Court of Mobile.

Heard before the Hon. PRICE WILLIAMS, JR.

The appellants, A. Kling and other sureties on the official bond of Joseph Espalla, Jr., the general administrator of Mobile county, filed their petition in the probate court, and asked that certain executions issued against them in favor of the appellees, E. C. Connell and others, heirs of Mrs. E. B. Rupert, be quashed. The petition averred that on May 12, 1891, Joseph Espalla, Jr., who was at the time the general administrator of Mobile county, with the petitioners as sureties on his official bond, applied to the probate court of Mobile county for letters of administration on the estate of Mrs. E. B. Rupert, and that on May 13, 1891, letters of administration upon said estate were issued to him, and he thereupon took charge of the assets of said estate, and

undertook to administer the same. The petition of Joseph Espalla, Jr., for letters of administration upon the estate of Mrs. E. B. Rupert, alleged that Mrs. E. B. Rupert, at the time of her death was an inhabitant of the county of Mobile ; and the decree granting the letter of administration to said Espalla, recited the fact that Joseph Espalla had represented in writing and made oath that Mrs. Rupert was an inhabitant of Mobile county at the time of her death. The petition averred, however, that at the time of the death of Mrs. Rupert, and for a long time prior thereto, she was an inhabitant and resident of Baldwin county, and that she left real and personal property of large value in said county. It was further averred in the petition that Joseph Espalla, Jr., as such administrator, made final settlement of the administration of said estate, and on said final settlement there was a decree of $1,572.51 rendered against him, in favor of the heirs of Mrs. Rupert, deceased ; that on this decree execution was issued against Joseph Espalla, Jr., and returned no property found ; that subsequently separate executions were issued in favor of each of the distributees against Joseph Espalla, Jr., as principal. and the petitioners as sureties on the administration bond, and that in these executions there was included the costs which accrued on the final settlement of said estate. The petitioners then prayed that these latter executions be quashed, on the grounds : 1st. That the probate court of Mobile county had no power, authority or jurisdiction to confer upon Joseph Espalla, Jr., as general administrator of Mobile county, the administration of the estate of Mrs. E. B. Rupert, deceased, who was an inhabitant of Baldwin county, and died in New Orleans, Louisiana. 2d. That this was not one of the estates to which they were liable for the acts of said general administrator under their bond. 3d. That the decree appointing said Espalla as such administrator was obtained by fraud by Espalla misrepresenting the county of the residence of Mrs. Rupert. 4th. That said execution could not be legally issued against one of the sureties, who died before the final settlement of the administration. The distributees of the estate and the heirs of Mrs. E. B. Rupert, deceased, moved the court to strike this petition from the file, on the grounds : 1st, that the power of the probate court to appoint an administrator can not be as-

[Kling *et al.* v. Connell *et al.*]

sailed except in a direct proceeding; 2d, that neither the principal nor the sureties on the bond of the administrator, after the principal has obtained possession of the assets of the estate and converted them, can be heard to complain of the regularity and validity of the appointment. The court granted this motion of the distributees and heirs, and struck the motion from the file. The petitioners appeal, and assign this decree of the court as error.

OVERALL, BESTOR & GRAY, for appellant.—1. The petition does not show on its face that said Espalla applied for administration on said estate as the general administrator of Mobile county. Where the words general administrator occur they are "*descriptio personae.*— *Lucas v. Pittman*, 94 Ala. 616.

2. The motion made to strike from the file the petition to quash the executions purports to be made by the "heirs of E. B. Rupert, deceased." No names of any heir being set forth in said motion, the court erred in granting it, as no one of the parties made the motion and no one is liable for the costs.—*Jackson v. King*, 82 Ala. 433; *Carlisle v. Watts*, 78 Ala. 486.

3. The court erred in granting motion to strike the petition from the file. Connell and others, alleged heirs and distributees, should have demurred to the petition, and presented questions of law in that way.—Code of of 1886, § 2665; *C. & W. Railway Co. v. Bridges*, 86 Ala. 451; *L. & N. R. R. Co. v. Hall*, 91 Ala. 118.

4. Petition shows that Espalla, Jr., obtained the grant of letters to him by misrepresentation of place of residence of Mrs. E. B. Rupert, deceased, which it is contended is not covered by the letter or spirit of the bond. It operates as a fraud on the sureties.—*Crofford v. Vass*, 95 Ala. 548; *Werborn v. Pinney*, 74 Ala. 593; *Gravett v. Malone*, 54 Ala. 19.

5. The decree on final settlement is against Joseph Espalla, Jr., as an individual and not against him as general administrator, or in any official character.

6. Sureties are not estopped from contesting their liability as to the factum of the bond or other defenses personal to the sureties. They are only concluded by the amount found against the administrator.—*Martin v. Tally*, 72 Ala. 24; *Jewett v. Hoogland*, 30 Ala. 716; *Banks v. Spears*, 97 Ala. 563.

38

McIntosh & Rich, *contra.*—1. The probate court in the matter of the grant of letters testamentary and of administration, is a court of general and unlimited jurisdiction. Its sentences and decrees, as to the grant of administration, are when collaterally assailed, protected by the presumption extended to the judgment and decrees of all courts of general jurisdiction. Whatever is done within the jurisdiction will be presumed rightful until the contrary is shown. Facts which must have been ascertained by the court to exist, and upon the existence of which the regularity of its action depends, will be conclusively presumed to have been ascertained, unless the record affirmatively discloses the contrary.—*Burnett v. Nesmith,* 62 Ala. 265. The record in this case affirmatively shows that the residence of the decedent at the time of her death was in Mobile county.

2. The general rule is, that where the probate court exercises the power to appoint an administrator of an estate, it is to be presumed that it previously ascertained the existence of the jurisdictional fact without which the power could not be exercised and its validity is not permitted to be collaterally assailed or questioned otherwise than in a direct proceeding.—*Bean v. Chapman,* 73 Ala. 140; *Burke v. Mutch,* 66 Ala. 568. A grant of letters of administration by the probate court on the estate of a decedent who resided in another county at the time of his death, is voidable only, and not absolutely void, and a subsequent grant of letters by the probate court of the proper county, is absolutely void until the revocation of the former letters, and confers on the person appointed no such interest as will entitle him to apply for their revocation.—*Coltart v. Allen,* 40 Ala. 155.

3. The fact that the assets of the estate were collected and converted by the administrator is admitted by petitioner. The grant of administration to Espalla can not be pronounced void, nor can it be admitted that he or his sureties, after he had accepted and acted under the grant, obtaining possession of the assets and converting them, can be heard to question the regularity and validity of the grant.—*Burnett v. Nesmith,* 62 Ala. 261; *Alston v. Alston,* 34 Ala. 15; *Thompson v. Bondurant,* 15 Ala. 346.

4. Where an execution issues against the sureties of an administrator, some of whom are dead before the

[Kling *et al.* v. Connell *et al.*]

statute judgment was rendered, the court should not quash the execution of this cause, but amend by striking out their names.—*Thompson v. Bondurant*, 15 Ala. 346; *Cawthorn v. Knight*, 11 Ala. 579; *Sheppard v. Melloy*, 12 Ala. 561; *Kirby v. Anders*, 26 Ala. 468.

HARALSON, J.—In *Coltart v. Allen*, 40 Ala. 155—the statute having reference to the authority of the probate court to grant letters of administration on the estate of decedents being the same then as now—it was held that the grant of letters of administration by the probate court of Jackson county on the estate of a decedent, who resided in Madison county at the time of his death, was not void, but merely voidable, and that the grant could be set aside only by a direct proceeding for the purpose. The principle as there stated is : "that the constitution gives to the probate courts a general jurisdiction to grant administration. The statute distributes the cases arising under the grant among the different courts of the State according to locality; and the court having jurisdiction over a certain class of cases, its error in adjudging some particular case belonging to that class, which properly pertains to the same court in another locality, does not make the judgment void, but simply voidable by a direct proceeding for that purpose." To the same effect is the case of *Barclift v. Treece*, 77 Ala. 528. The doctrine laid down in *Coltart v. Allen*, 40 Ala. 155, has been followed and enforced in many subsequent decisions of this court, and it may be regarded as settled, that when the court of probate makes an appointment of an administrator of the estate of a deceased person, it will be presumed that it previously ascertained the existence of the jurisdictional facts, without which the power of appointment could not be legally exercised ; and its validity will not be permitted to be collaterally assailed, or questioned otherwise than in a direct proceeding for the purpose ; and even when so assailed successfully, such an appointment would not be void but merely voidable.—*May v. Marks*, 74 Ala. 253; *Bean v. Chapman*, 73 Ala. 144; *Landford v. Dunklin*, 71 Ala. 603; *Ex parte Hardy*, 68 Ala. 333-4; *Burke v. Mutch*, 66 Ala. 569.

2. The petition of Espalla to be appointed administrator, recites the fact that Mrs. Rupert was an inhabitant of the county of Mobile, at the time of her death;

and the order of the court making the appointment also recites, that in his application for letters of administration, said Espalla represented that decedent when she died was an inhabitant of the county of Mobile, and left property in the State of the supposed value of $2,000. We must presume, therefore, that the jurisdictional fact, that Mrs. Rupert was an inhabitant of the county of Mobile, at the time of her death, as well as all other questions relating to the proper appointment of her administrator, were judicially ascertained, as preliminary to the granting of the letters of administration on her estate. This appointment until revoked was conclusive evidence of the administrator's authority to act, which authority extended to all the property of the deceased in the State; and the appointment excluded the jurisdiction of every other probate court to grant letters of administration on said estate.—*Barclift v. Treece,* 77 Ala. 528, *supra.* The filing of the petition by appellants to quash said executions on the grounds set up, must be held as a collateral attack on the validity of the appointment of said administrator by the probate court of Mobile, and can not be sanctioned.

3. Again, it appears from said petition, that said administrator accepted his appointment as such by said probate court, and acting under the grant, obtained possession of the assets and converted them. Neither the administrator nor his sureties, after this, can be heard to question the validity of the grant. That the bond of the administrator, as general administrator, was signed several years before the grant of administration, can make no difference, since the obligors signed in reference to the administrations of all estates that might be committed to the hands of the administrator by the order of the probate court of Mobile county.—*Plowman v. Henderson,* 59 Ala. 559; *Burnett v. Nesmith,* 62 Ala. 261; *Person v. Thornton,* 86 Ala. 310.

From what has been said, the other questions raised and discussed, if of any merit, necessarily disappear.

We find no error in the ruling of the court below, and its judgment is affirmed.