# Arnett *v.* Birmingham Coal & Iron Co.

*Petition to Substitute Records.*

(Decided June 7, 1911.　55 South. 831.)

1. *Guardian and Ward; Substitution of Records; Parties.*—Since a petition under section 5741, Code 1907, relates to the evidence of title to the land under a sale made by the guardian, and not to the proceeds, as to which the guardian was accountable, the personal representative of the guardian was not a necessary party.

2. *Records; Establishment of Title After Loss; Right of Action.*— Under section 5741, Code 1907, an action for substitution of probate records and of a guardian sale of land may be maintained by an owner who was not a party to the original proceeding where such records are material evidence of a link in petitioner's chain of title.

3. *Same; Evidence.*—The evidence in this case examined and held sufficient to authorize an order of substitution of the lost records.

APPEAL from Jefferson Probate Court.

Heard before Hon. J. P. STILES.

Petition by the Birmingham Coal & Iron Company for the substitution of records directed to William E. Arnett and others. From a judgment substituting the record, Arnett appeals. Affirmed.

ALLEN & BELL, and R. D. COFFMAN, for appellant. The guardian who made the sale having died, the personal representative of such guardian should be made a proper party by the proper notice.—*Davney v. Mitchell,* 56 Ala.. It is insisted that the Birmingham Coal & Iron Company were not parties to the original proceeding, and that, therefore, they are incompetent parties to ask for an order of substitution, but no authorities are cited in support thereof.

PERCY, BENNERS & BURR, for appellee. The guardian who instituted the original proceedings was dead, and had no personal representative, and the wards were of full age, so there was no occasion to have a personal representative of the guardian appointed, and made a party to this proceeding. The petitioner offered a verified petition which was sufficient evidence to entitle them to have the records substituted.—*Stewart v. Oldacre,* 122 Ala. 676. Petitioners were entitled to bring the petition.—Sec. 5741, Code 1907; *Pruitt v. Pruitt,* 43 Ala. 73; *Peddy v. Street,* 87 Ala.

SAYRE, J.—This is a proceeding under section 5741, of the Code of 1907 for the substitution in the probate court of a petition by a guardian for the sale of land for the support of her wards and of the report of sale made in pursuance of an order of. sale made by the court in accordance with the petition. Except for the

papers referred to, there remains in the probate court a perfect history of the proceeding under which the land was sold. Petitioner avers his ownership of the land, claiming under mesne conveyances from the purchaser at the sale ordered by the court. The wards are now of age and are made parties defendant to the petition for substitution. Several objections are taken to the decree of substitution and the antecedent proceedings, which will be noticed.

The guardian is now dead, and it is urged that her personal representative ought to have been made a party to the proceeding on the idea that her estate may have to account for the proceeds of the sale. This proceeding has nothing whatever to do with the proceeds of the sale ordered by the probate court. The question now is about the evidence of title to the land. Whether or not the land passed out of the wards by the proceeding in the probate court, the guardian was accountable for the proceeds, not the land. If, perchance, she did not account, and if her estate may after all this time be brought to account through her personal representative, he must account for the proceeds of the sale, not the land, in a proceeding in which the decree in this case will be evidence of nothing.

It is said that the present owner of the title made by the court is not a party in interest who may maintain the petition for susbtitution. The statute provides that "if, after the determination of any civil cause or proceeding, the original papers, or any part thereof, pertaining thereto, which are not of record, are lost or destroyed * * * any party in interest may, on application in writing, stating the facts with the substitute proposed of such lost or destroyed paper or record, verified by affidavit, obtain an order of substitution." The petition and report of sale were not transcribed

[Arnett v. Birmingham Coal & Iron Co.]

upon the records of the court, as they should have been, though they remained in the files of the court until the year in which the petitioner acquired its title to the land. They are material evidence of a link in the petitioner's chain of title. The remedy does not seem to be confined to parties to the record of the original proceeding, but it is extended to parties interested in the matter evidenced by the record.

It is to be conceded that petitioner's case rests upon the affidavit of Brockman for proof of the contents of the papers sought to be substituted, and that in making orders of this character courts ought to move with great caution. But Brockman had made an abstract of the proceeding for the sale of the land, noting the substance of each paper and in part the language of the petition for the order of sale. No countervailing evidence was offered. Under these circumstances we discover no reason why his testimony should not be given credence. If believed it was sufficient to justify the order of substitution.

Accordingly, the judgment will be affirmed.
Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.