(92 South. 451)

**MOORE et al. v. BRASWELL.** (4 Div. 850.)

(Supreme Court of Alabama. April 20, 1922.)

**1. Records ⊗══17(1)—Purchaser from widow's grantee is proper petitioner for substitution of probate records setting the property apart to widow; "party in interest."**

A subsequent purchaser of property set apart to the widow and conveyed by her is a party in interest within Code 1907, § 5741, who is justified in filing a petition to substitute the lost record of the probate proceedings setting the property aside to the widow.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest (In Suit or Action).]

**2. Records ⊗══17(7)—Substitution for lost records should be made only on clear proof.**

In proceedings for the substitution of a lost record of proceedings in the probate court, the substitution should be made only on clear and satisfactory proof of the former existence, contents, and loss of the record.

**3. Records ⊗══17(7)—Evidence held to show existence and contents of lost record sufficiently to permit substitution.**

In proceedings to substitute a lost record, evidence *held* sufficient to show that an original petition had been duly verified and filed and subsequently lost from the record, though there was in the files a petition signed only by the attorney for the purchaser.

Appeal from Probate Court, Coffee County; S. N. Rowe, Judge.

Petition of W. C. Braswell to substitute for record certain petitions and orders in the probate court which had not been recorded and were lost or destroyed. Mrs. Mollie Moore and others were made parties to the petition, and from a decree of substitution they appeal. Affirmed.

Mrs. M. J. Wise, widow of Josiah Wise, on July 26, 1916, executed a deed to certain 70 acres of land in Coffee county, Ala., to A. J. Wise, and the latter on December 4, 1916, deeded said land to appellee, W. C. Braswell. Pursuant to proceedings instituted by said M. J. Wise, the probate court of Coffee county entered an order confirming the report of the commissioners, previously appointed by said court, setting aside said land as exempt to the widow as a homestead, and reciting that, as there were no minor children, under the report of the commissioners the title thereto vested absolutely in said widow. In Sep-

tember, 1919, W. C. Braswell filed his petition in said probate court, alleging that the original petition in the foregoing proceedings by M. J. Wise is not of record, and is lost or destroyed, attaching thereto what is averred to be a substantial copy thereof, and praying that said copy be substituted for the lost or destroyed petition. The petition further averred that petitioner is a party interested in the lands, having purchased same from a vendee of the widow, and that the said widow is dead. Appellants were those in whom the title to the land would vest in the event the proceedings to set aside the same as exempt should fail, and they were given notice and made parties to this proceeding. Evidence was offered upon the hearing by affidavits and some by oral examination of witnesses, resulting in a decree granting the relief sought by the petition, from which appellants prosecute this appeal.

It appears there is in the file of papers a petition designated on the back "original," but it is not signed by petitioner, but by her attorney, nor is it sworn to, nor marked filed by the probate judge. Appellants contend this was the original and only petition filed, while appellee insists that this was not the original petition, but that the original petition was signed by M. J. Wise, sworn to by her before A. J. Wise, and filed in the cause by the probate judge prior to May 29, 1916, the date of the order appointing the commissioners, and proof was offered in support thereof.

J. A. Carnley, of Elba, for appellants.

While substitution may be made, yet it should only be made after clear and satisfactory evidence, and if the evidence leaves the matter doubtful and uncertain, the petition should be denied. 19 Ala. 798; 8 Port. 303; 9 Port. 493; 5 Ala. 608; 8 Ala. 298; 66 Ala. 495; 25 Ala. 551; 63 South. 542; 69 Ala. 133.

M. S. Carmichael, of Montgomery, and M. A. Owen, of Elba, for appellee.

The evidence was sufficient to authorize the judgment entered. 50 Ala. 356; 173 Ala. 532, 55 South. 831; section 5741, Code 1907.

GARDNER, J. [1] Appellee purchased a certain 70 acres of land in Coffee county from the vendee of one M. J. Wise, the widow of Josiah Wise, and files this petition in the probate court of said county for the substitution of the original petition and a proceeding in said court instituted by said widow to have these lands set apart to the widow as exempt, the widow being now deceased. Petitioner is a party in interest, coming within the influence of section 5741 of the Code of 1907, and is therefore justified in filing this

petition. Arnett v. Birmingham Coal & Iron Co., 173 Ala. 532, 55 South. 831.

This proceeding was contested by those who would be interested in the land in the event the exemption proceeding should fail, and from the order of the probate court granting the relief prayed these parties have prosecuted this appeal.

[2] An issue of fact was thus presented before the probate court for determination, and we recognize the rule that in cases of this character the court should proceed with the utmost caution, and that substitution should be made only on clear and satisfactory proof of the former existence, contents, and loss of the record proposed to be substituted. Dabney v. Mitchell, 66 Ala. 495. After a careful examination of the evidence in this record, we are persuaded that it meets the requirements of this rule.

[3] The evidence of A. J. Wise discloses that a petition was prepared by counsel of the widow; that he carried it to her home in the country; that she signed and swore to the contents thereof before a notary public; that he then took the petition to the office of the judge of probate, where it was duly filed. This witness is corroborated by one Caroline Halstead, who was present at the time, and knew of Mrs. Wise having signed the same and made her affidavit thereto. This witness (Wise) also established the contents of the petition as being substantially that attached as a copy of the petition in this proceeding. Petitioner's insistence is further supported by the testimony of one Ham, a practicing attorney at law in that county, and a member of the firm who represented the widow in that proceeding. There appears in the file a petition not signed by the widow, but by her counsel, and sworn to by no one, nor is it marked filed by the judge of probate; and Mr. Ham's testimony tends to explain the presence of this paper in the file, and strongly corroborates that of A. J. Wise to the effect that there was already on file the petition which was actually signed by the widow. The loss of the petition and due search therefor was also shown by the proof.

There exists some uncertainty as to whether or not the original petition was filed in March, 1916, or in May, 1916, just prior to the order appointing the commissioners, and much of the evidence offered by appellant on this content touches upon this phase of the case. This is not, however, a matter of any material consequence, although we are rather persuaded that the date of its filing was in the month of March, 1916, as testified by A. J. Wise. It sufficiently appears that the petition was in fact filed prior to the order appointing the commissioners.

Indeed, when the evidence is carefully analyzed, there is found little conflict upon any material issue. A further discussion of the proof is unnecessary. It has been given most careful consideration by the court in consultation (in connection with the original papers forwarded for inspection), and we are convinced that the decree of the court below is correct, and should be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.