(103 So. 557)

### SMITH v. SMITH.   (8 Div. 745.)

(Supreme Court of Alabama.   March 19, 1925.)

1. **Executors and administrators ⬦⟹9—Probate court in granting letters testamentary and of administration is "court of general jurisdiction."**

Probate court in granting letters testamentary and .of administration is a "court of general jurisdiction" within Const. 1901, § 149.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Court (Of Justice).]

2. **Evidence ⬦⟹82—Court presumed to have ascertained every fact on which power to issue letters of administration depends.**

Probate court is presumed to have ascertained every fact upon which ·power to issue letters of administration on estate of decedent depends.

3. **Executors and administrators ⬦⟹28—Letters of administration are admissible and prima facie evidence of decedent's death.**

Letters of administration granted by probate court on estate of a decedent, or a certified transcript of record thereof, are admissible and prima facie evidence of decedent's death, and that he died intestate, under Code 1923, § 7694.

4. **Executors and administrators ⬦⟹28—Administrator makes out prima· facie case on issue of decedent's death by introducing letters of administration and record of appointment.**

In administrator's action in his representative capacity to recover assets of intestate's estate, administrator's introduction of his letters of administration and record of appointment made out a prima facie case on issue of decedent's death, in view of Code 1923, § 7694.

5. **Appeal and error ⬦⟹1051(1)—Errors in rulings on admission of further evidence as to intestate's death held harmless.**

Where administrator by introducing his letters of administration and record of appointment made out a prima facie case on issue of intestate's death, errors in rulings on admission of further evidence as to such issue were harmless.

Appeal from Circuit Court, Lawrence County; James E. Harton, Jr., Judge.

Action on common counts by Wilburn Smith, as administrator of the' estate of Elmer Newton Smith, deceased, against Mary Bell Smith. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

G. O. Chenault, of Albany, and W. L. Chenault, of Russellville, for appellant.

. The probate proceedings, in the matter of granting letters of administration to plaintiff, are not binding on defendant, and should

not have been admitted in evidence. Frederic v. Wilkins, 182 Ala. 343, 62 So. 518; McCurry v. Hooper, 12 Ala. 823, 46 Am. Dec. 280; Ex parte Trice, 53 Ala. 546; Todd v. Moore, 205 Ala. 451, 88 So. 447.

Travis Williams, of Russellville, and Robert L. Almon, of Moulton, for appellee.

The fact of administration on the estate is prima facie evidence of death. 32 Ala. 353.

BOULDIN, J.   [1] The probate court, in the grant of letters testamentary and of administration, is a court of general jurisdiction.   Const. 1901, § 149.

[2-5] In the grant of letters of administration upon the estate of a decedent, the court is presumed to have ascertained every fact upon which the power to issue letters depends. Such letters of administration, or a certified transcript of the record thereof, is admissible, and is prima facie evidence of the death of, the decedent and that he died intestate. Code 1923, § 7694; Sims v. Boynton, 32 Ala. 353, 70 Am. Dec. 540; Bradley v. Broughton, 34 Ala. 694, 73 Am. Dec. 474; Landford v. Dunklin, 71 Ala. 594; Morgan v. Casey, 73 Ala. 222; May v. Marks, 74 Ala. 253; Barclift v. Treece, 77 Ala. 528; Kling v. Connell, 105 Ala. 590, 17 So. 121, 53 Am. St. Rep. 144.

This is an action by an administrator in his representative capacity to recover assets of the estate of his intestate; the death of the decedent, vel non, being treated as in issue on the trial. When the plaintiff introduced his letters of administration and the record of his appointment, he made out a prima facie case on that issue. In the absence of opposing evidence, it was not necessary for him to go further and introduce outside proof of death of his intestate. Errors, if any, in rulings upon the admissibility of such further evidence were harmless.

The judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.