(113 So. 500)

**BAXLEY et al. v. JACKSON et al.**
(4 Div. 341.)

Supreme Court of Alabama. June 15, 1927.

**1. Wills** ⟨⟩253—Probate court had inherent jurisdiction to cause substitution of lost certificate and record of probate of will (Code 1896, § 4280; Code 1923, § 10132).

Where certificate of probate of will indorsed on original will under Code 1896, § 4280, and original files were lost, probate court had inherent jurisdiction under Code 1923, § 10132, to cause substitution of the lost documents.

**2. Lost instruments** ⟨⟩2—Records ⟨⟩17(8)—Laches does not ordinarily bar relief of substitution of original papers or records which are lost or destroyed (Code 1923, § 10132).

The doctrine of laches does not ordinarily bar relief under Code 1923, § 10132, to cause a substitution of papers or records pertaining to pending civil cases, originals of which are lost or destroyed.

**3. Evidence** ⟨⟩386(1) — **Records** ⟨⟩17(7) — Parol evidence is admissible to establish lost records, but matter of record cannot be contradicted thereby.

Parol evidence is admissible to establish lost records, but matter of record cannot be contradicted by such evidence.

Appeal from Probate Court, Houston County; H. K. Martin, Judge.

Petition of G. S. Jackson, B. G. Farmer, A. K. Merrill, and the Houston Hotel Company to substitute lost documents in the matter of the will of John T. Thrasher, deceased. From a decree granting the prayer of the petition, respondents Keener Baxley, as guardian ad litem of Reynolds Thrasher, a minor, Ophelia Thrasher, and others appeal. Affirmed.

This appeal is from a decree of the probate court of Houston county ordering that certain documents be substituted as permanent records of that court for documents shown to have been lost.

The petition shows that the will of John T. Thrasher was duly probated and admitted to record in the said probate court on June 17, 1907; that a decree was duly rendered in that behalf by said court on that date; that the testimony of the subscribing witnesses was heard by the court, and reduced to writing, and duly subscribed by them; and that on said date a certificate of said probate was made and indorsed on the original will as provided by section 4280, Code of 1896.

The petition further avers:

"That said original file and said original papers pertaining to the probate of said will, with the exception of said original will with the indorsement thereon, have been lost or destroyed, and cannot now be found in the probate office of Houston county, although diligent and careful search has been made for the same; but petitioners especially state and aver that said original will, together with the indorsement thereon, is now on file in the probate court of Houston county. Petitioners further aver and state that all of said original file and papers pertaining to the probation and record of said will are duly recorded in the probate court of Houston county in Will Book No. 1, p. 33 et seq., and Probate Record No. 2, p. 99 together with a copy of said original will and the indorsement thereon, saving and excepting the testimony of said subscribing witnesses and the final decree or judgment proper of said court admitting said will to probate; and petitioners further aver and state that the original testimony of said subscribing witnesses so reduced to writing as aforesaid and said original judgment or decree admitting said will to probate is now lost or destroyed, as aforesaid, and are not of record in the probate court of Houston county."

The petition exhibits true copies of the original papers alleged to have been lost.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The petition further shows that the petitioners are now the owners of certain real property, the title to which is deraigned by mesne conveyances from the said will of John T. Thrasher, deceased.

The proof supported the allegations of the petition, and the probate court rendered a decree, showing jurisdiction of the subject-matter, and of the persons of all the legatees, devisees, and heirs at law of the said testator, respondents to the petition, and granting the relief prayed.

The appeal is by the widow of said testator and some of his lineal heirs, who were parties respondent.

Keener Baxley, of Dothan, for appellants.

The court has lost all power to substitute lost papers. Section 10134 of the Code of 1923 does not apply to this case.

Farmer, Merrill & Farmer, of Dothan, for appellees.

Independent of statute, under the common law, a court has the inherent power to restore and substitute its lost records. State ex rel. Cooper v. Ellis, 211 Ala. 489, 100 So. 868; Wise v. State, 208 Ala. 58, 93 So. 886; Bradford v. State, 54 Ala. 230; Taylor v. McElrath, 35 Ala. 330. Section 10143 of the Code applies, and every requirement thereof has been complied with. Moore v. Braswell, 207 Ala. 333, 92 So. 451; Arnett v. Birmingham Coal & Iron Co., 173 Ala. 532, 55 So. 831.

SOMERVILLE, J. [1, 2] Section 10132 of the Code declares:

"All courts have the inherent power, if original papers or records, pertaining to matters of civil jurisdiction, or to civil cases which are pending, or which have been determined, are lost or destroyed, to cause a substitution thereof, and the substituted paper or record is of equal validity with the original."

This is merely declaratory of the common law. Taylor v. McElrath, 35 Ala. 330; Ala. City, etc., Ry. Co. v. Ventress, 149 Ala. 658, 42 So. 1017.

This power is inherent in probate courts, and the doctrine of laches does not ordinarily bar the relief. Taylor v. McElrath, supra.

[3] Parol evidence is admissible to establish lost records (Lilly v. Larkin, 66 Ala. 110), but, of course, matter of record cannot be contradicted by such evidence.

We have examined the evidence with due care, and it affords clear and satisfactory proof of the former existence, the contents, and the loss of the records described in the petition, and no reason is apparent why the decree of the probate court ordering that the copies thereof, exhibited by the petition, be substituted therefor, should not be affirmed. Moore v. Braswell, 207 Ala. 333, 92 So. 451.

The decree of the probate court is therefore in all respects affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.