155 So. 855

## WHITAKER v. KENNAMER et al.

### 8 Div. 586.

Supreme Court of Alabama.

June 21, 1934.

Street & Bradford, of Guntersville, for appellant.

---

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

D. Isbell, of Guntersville, for appellees.

THOMAS, Justice.

The appellant submitted in the probate court grounds of contest of decedent's will.

The probate of the will was in July or August, 1931, and thereafter what is styled a contest was filed in the probate court on October ·16, 1931, and no action taken thereon to the date of the motion to strike on December 14, 1932. The motion to remove the cause to the circuit court of date of January 6, 1933, was passed for hearing to January 21, 1933, was sustained on March 16, 1933, and the contest dismissed. From this order the appeal is taken. There was no effort to contest in the circuit court under the statute (section 10637, Code), other than by the effort for removal from the probate to the circuit court, made more than twelve months after the recited admission of the will to probate in July or August, 1931. The statute requires that a contest in the probate court be filed before the will is probated. Section 10625, Code.

The motion to strike the alleged contest of date of December 14, 1932, contained, among other grounds, "that the said alleged contest was filed without authority of law and could only be filed and said contest instituted before the probating of the will. The will was probated on the 28th day of August, 1931, and the contest or purported contest was filed on the 16th day of October, 1931, and said contest therefore has no standing in this Court; and because the said petition for removal of said contest to the Circuit Court is filed without authority of law and should

be stricken from the files of this Court because filed long after the probating of the will and the Probate Court has no authority to entertain or permit a contest or the removal of any contest or to make any order removing the contest, there being no contest because not properly filed and not begun within time, to the Circuit Court."

In the action of the court, on January 3, 1933, it is recited: "That in view of the record as disclosed by the petition to probate the will and the will itself as filed with said petition and the testimony taken and reduced to writing in proof thereof and the certificate endorsed on the will as provided by the statute, the letters testamentary and the executor's bond and the time of the filing of the petition to revoke the letters testamentary and the articles of contest and the demand that this contest be transferred to the Circuit Court of Marshall County and tried by a jury, all of which are of record in this cause, that he would overrule the objections of the said Fannie Whitaker and Eliza Chandler and proceed with the hearing of said cause."

■ The record and bill of exceptions disclose that, on due petition therefor by the party named in the will as executor, the will was propounded for probate, the two attesting witnesses were examined as required by law as to the due execution of that instrument, and their testimony reduced to writing subscribed by them (section 10616, Code; Graves v. Graves, 228 Ala. 642, 154 So. 788); that the will was duly proved is shown by the certificate of the probate judge indorsed thereon, as follows:

"The State of Alabama, Marshall County,
  ' Probate Court.

"I, Oscar Horton, Judge of Probate, in and for said State and County, hereby certify that the within instrument of writing has on this the 28th day of July, 1931, been duly proven before me as the Judge thereof, with proper testimony to be the genuine last will and testament of H. D. Walls, deceased, and said will, together with proof thereof has been duly recorded in Book 2 of Wills, page 236.

"In witness whereof, I hereunto set my hand and seal, this the 7th day of August, 1931.
                "Oscar Horton, Judge of Probate."

These evidences of due probate were objected to by appellant. The court overruled the several objections, and to this ruling of the court exceptions were reserved. In this action of the court there was no error. Section 10618, Code.

The appellees, as movants for dismissal of the alleged contest, offered in evidence a petition for probate in due form, the order fixing the hearing, the published notice thereof as provided by statute, the appointment and acceptance of a guardian ad litem for the minors, the petition for and grant of letters testamentary, and for testamentary guardianship (Rudulph v. Hodo, 228 Ala. 170, 153 So. 238); the grant and issue of same, and the bond of such personal representative. In this action of the court there was no error.

In response to appellees' motion, the court struck from the files the attempted contest filed after the probate, dismissed the same, and likewise the demand for trial by jury; and to this action exceptions were reserved. The action of the court in rendition of the final decree in this matter (De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265) is assigned as error.

■ Courts of probate have original, general, and unlimited jurisdiction of the probate of wills. Hall's Heirs v. Hall, 47 Ala. 290. And in Cone v. Barganier, 218 Ala. 292, 118 So. 342, is the observation that the probate of a will is, in the first instance, in the nature of a proceeding in rem, and is conclusive until duly set aside as provided by law. Sections 10625, 10637, Code. The several statutes (sections 9578–9591, Code) and decisions show the court to be a court of record and to have the right to render judgments in a proper case nunc pro tunc. 15 C. J. 720; Hall, Adm'r, v. Hudson, Adm'r, 20 Ala. 284; Dabney v. Mitchell, 54 Ala. 198; Campbell v. Beyers, 189 Ala. 307, 313, 66 So. 651; Zaner v. Thrower, 203 Ala. 650, 84 So. 820; Lewis v. Martin, 210 Ala. 401, 98 So. 635.

■ It is true that a court of record speaks through its required records, in the absence of a proper predicate, authorizing secondary evidence. Elliott v. Eslava, 3 Ala. 568; Blackman v. Dowling, 57 Ala. 78; Watson v. State, 63 Ala. 19; Milbra v. Sloss-Sheffield S. & I. Co., 182 Ala. 622, 628, 62 So. 176, 46 L. R. A. (N. S.) 274; McMillan v. Aiken, 205 Ala. 35, 40, 45, 88 So. 135; Baxley v. Jackson, 216 Ala. 411, 113 So. 500; Ingram v. Evans, 227 Ala. 14, 148 So. 593; Wright v. Fannin, 219 Ala. 234, 121 So. 528.

Requirements of the statute for a probate as a proceeding in rem are: That wills offered for probate, except nuncupative wills, must be proved by one or more of the subscribing witnesses, or, as the case may be and as provided, by proof of the handwriting of the testator, and that of at least one of

the witnesses to the will (section 10613, Code; Reynolds v. Massey, 219 Ala. 265, 122 So. 29; Id., 213 Ala. 178, 104 So. 494; Stuck v. Howard, 213 Ala. 184, 104 So. 500); that testimony be taken before the judge of probate showing the will was duly executed; that this testimony be reduced to writing, signed by the witness or witnesses, "and with the will, immediately recorded in a book provided and kept for that purpose." Section 10616, Code. It is then declared that *"Every will so proved* must have a certificate indorsed thereon, setting forth in substance, that such will had been duly proved and recorded, with the proof; specifying also the date of the probate, the book in and page or pages on which it is recorded; which indorsement must be signed by such judge of probate." (Italics supplied.) Section 10617, Code of 1928 (Code 1923, § 10617); Hall's Heirs v. Hall, supra; Baxley v. Jackson, supra. It is further declared by section 10618, Code of 1928 (Code 1923, § 10618), that "Every will, so proved or indorsed, may be read in evidence in any court of the state, without further proof thereof; and the record of such will and proof or a transcript thereof, certified by the judge of probate, must be received as evidence to the same extent as if the original will was produced, and the same proof made."

■ We have indicated ͏that the probate court had jurisdiction and the right of procedure and judgment in probating the testamentary instrument propounded for probate, took the required proof of its due execution, admitted thereon the will to probate, and duly filed and recorded the will and evidence of due execution as said last will and testament of decedent. Sections 10616–10618, Code of 1928 (Code 1923, §§ 10616–10618). The contest thereof (after such judicial proceeding and judgment) was not in the circuit court as provided by law by one of the classes indicated in the statute, section 10637, Code.

■ There was no reversible error in admitting the other evidentiary documents, as the letters testamentary duly issued, etc., which supported the certificate of probate duly indorsed upon and recorded with the will, the exercise of jurisdiction in the premises in transcribing the evidence of the subscribing witnesses, and the will as a record of that court in the matter.

■■ The letters testamentary issued were prima facie evidence of the right to act thereunder, and after six months to close the administration, the facts warranting. Sections 5729, 5752, Code; Blacksher Co. et al. v. Northrup, 176 Ala. 190, 57 So. 743, 42 L. R. A. (N. S.) 454. A sufficient time had elapsed since the grant of letters to have closed this administration under the amended statute, Acts 1931, p. 840, amendment of section 5815, Code. In the appointment of a personal representative and grant of letters, that court is to be presumed to have ascertained the jurisdictional facts to have existed, and letters testamentary issued were not void, or by this record shown to have been void. Kling et al. v. Connell et al., 105 Ala. 590, 17 So. 121, 53 Am. St. Rep. 144; Alabama Co. v. Brown, 207 Ala. 18, 22, 92 So. 490; Smith v. Smith, 212 Ala. 522, 103 So. 557; Burke v. Mutch, 66 Ala. 568; Burnett et al., Administrators, v. Nesmith, Administrator, 62 Ala. 261; English's Ex'r v. McNair's Adm'rs, 34 Ala. 40. It is presumed the court did its duty in the premises. 11 R. C. L. page 76; 18 Cyc. 140; 23 C. J. 1084.

■ If the order or decree was duly made admitting the will to probate, and was misplaced, this would have authorized the court to strike the belated contest sought to be prosecuted in the probate court; or, if not written upon the minutes of the court, yet actually rendered and announced by that court, it was in the breast of the court after evidence of attesting witnesses was taken, transcribed, and subscribed and sustaining the probate, and the formal decree to that end may be duly supplied. It would relate to the date of taking the proof and the judgment of probate, and support the issue and acts under the letters testamentary.

■ It results from the foregoing, that, under this record, the loss or the lack of formal judgment on the minutes of the court of the fact of probate, though entered indorsed thereon, and recorded with the will, would not cause a reversal, for dismissing the belated effort at contest of probate. This evidence prima facie shows compliance with proof and probate, and authorized the testamentary document to be offered and speak as evidence of probate under the statute. The action of the trial court in ordering a dismissal and not allowing the contest in the probate court was without reversible error, since this record does not show that the order and judgment of probate was not made. The bill of exceptions does not show that this record contains all the proceedings before the probate court and the administration of the estate.

It is unnecessary to observe that no question is raised with respect to the transfer of

a cause, in a proper case, that falls within and under section 6493, Code.

Affirmed.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.