## MORRIS *vs.* VARNER.

[ACTION ON PROMISSORY NOTE—PLEA, NON EST FACTUM.]

1. *Admissibility of note as to proof of execution.*—In an action on a promissory note, issue being joined on the plea of *non est factum*, if the plaintiff adduces any evidence conducing to prove the genuineness of the defendant's signature, the note itself may go before the jury in connection with that evidence.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. E. W. PETTUS.

THIS action was brought by John Varner against William Morris, and was founded on the defendant's promissory note for $265, payable on the 1st January, 1854, and dated the 29th ——, 1852. The only plea was *non est factum*, on which issue was joined. The only error now assigned is, the ruling of the court in permitting the note to go in evidence before the jury without sufficient proof of its execution.

I. W. GARROTT, for the appellant.

WM. E. CLARKE, *contra*.

WALKER, J.—When the issue of fact is on the plea of *non est factum*, the question of the execution of the note sued upon is for the jury. It is not requisite to the admission of the note in evidence, that a *prima-facie* case of the genuineness of the defendant's signature should be made out. It is sufficient that evidence should be shown to the court, conducing to prove the affirmative of the issue, which it would be proper for the jury to consider. Whenever there is, *prima facie*, any reason for sending the note to the jury, it should be suffered to go to them. There is, *prima facie*, such reason, when there is evidence tending to show the genuineness of the signature, which it would be proper for the jury to consider.—1 Greenleaf

on Evidence, (8th edition,) 68, § 49; Catlin, Peeples & Co. v. Gilder, 3 Ala. 536; Note to Knapp v. McBride & Norman, 7 Ala. 19. There was evidence conducing to show the execution of the note by the defendant, which it was proper for the jury to consider, when the note was admitted, and the court did not err in permitting it to go to the jury in connection with that evidence.

The judgment of the circuit court is affirmed.