## BAILEY'S HEIRS vs. BAILEY'S EXECUTOR.

[CONTESTED PROBATE OF WILL.]

1. *Execution of will.*—Section 1611 of the Code, so far as it relates to the signing of the will by the testator, being a substantial transcript of the English statute (29th Car. 2d, c. 3) on the same subject, must receive the same construction which the English statute had received; and thus construed, where the testator signed the will by making his mark, though the scrivener wrote the wrong name opposite the mark, held a sufficient signing by the testator.

APPEAL from the Probate Court of Coffee, on change of venue from Covington.

IN the matter of the probate of the last will and testament of Shadrach Johnson Bailey, deceased, which was propounded for probate by Butler W. Bailey, the executor, and resisted by certain of the heirs and distributees, on the grounds of undue influence, mental incapacity, and insufficient execution. The rulings of the probate court on the trial are thus stated in the bill of exceptions:

" The proponent introduced one John W. Smith as a witness, who testified as follows : ' Witness was acquainted with a man called Shadrach J. Bailey, and was acquainted with some of the children; knows the names of two of the children, Butler and Jack; also knows of the girls, but does not know their names. He made a will; would know it if I saw it.' The proponent then exhibited a paper writing, which showed upon its face to be the will of John S. Bailey, and offered to prove, by the said witness, that Shadrach J. Bailey made his mark to the name in the said will; to which the contestants objected; the court overruled the objection, and allowed the proponent to prove by said witness as follows: 'I wrote the will, and was sent for to write the will. His son came after me; and when I got there, the old man asked me to write the will. He told me, that he wanted his wife to have the property during her life, and at her death he wanted his children who were then with him to have it; that his oldest set of children, who had left, had had as much, or more than he had to give these ; that he wanted his property to go to those children that were with him and his wife during her life, and then to his children. I read it to him; don't recollect whether he said anything about it. I wrote the name that is in the will, and he made his mark to it. I inquired of some one standing around, how he signed his name; and I think Butler Bailey told me, that he signed it *John S. Bailey*, though I am not certain that it was Butler. He requested me, and Thomas Carroll and John Day, to attest it; and we did then attest it. We were all there in the house

together. It was in his presence. I saw him make his mark to the will. I don't know whether he could write or not. I know of no man in that settlement named John S. Bailey. At the time he made his mark to the will, he appeared to be in his right mind, as much so as I ever saw him. I was not intimately acquainted with him, but was frequently with him, and saw him frequently; lived in the same settlement with him; had but little acquaintance with him at the time I wrote the will. He said, that he had been wanting to have a will written for some time, and had once or twice sent after Squire Polk to write for him. He was in his house, and was sitting up when I went there; but he laid down before the will was completed. Carroll and I had signed it before he laid down. When Day came in, the old man was informed of it, and requested him to witness the will; and Day witnessed it. He could sit up, but I don't think he could walk about much.' The proponent then introduced Thomas Carroll, who testified about the same that John W. Smith did. To all of which, allowing the proponent to prove by said witnesses that Shadrach J. Bailey made his mark to the name in the will, which showed upon its face to be the will of John S. Bailey, and letting said evidence go to the jury, the contestants duly excepted. The proponent then offered to read the said will to the jury as evidence; to which the contestants objected; but the court overruled the objection, and allowed said will to be read to the jury as evidence, and the contestants excepted."

The rulings of the probate court, to which, as above stated, exceptions were reserved, are now assigned as error.

PUGH & BULLOCK, for appellants.

WATTS, JUDGE & JACKSON, *contra*.

R. W. WALKER, J.—The only questions presented for our consideration, arise out of the action of the court " in permitting the proponent to prove, by the witnesses, that Shadrach J. Bailey made his mark to the name of

John S. Bailey; and in allowing the will to be read to the jury as evidence."

According to our law, no will is effectual, except in certain specified cases, "unless the same is in writing, signed by the testator, or some person in his presence, and by his direction, and attested by at least two witnesses, who must subscribe their names thereto in the presence of the testator."—Code, § 1611.

The 5th section of the English statute of frauds (29 Car. 2d) required, that wills of real estates should be "in writing, and signed by the party devising the same, or by some other person in his presence, and by his express direction, and should be attested and subscribed, in the presence of the devisor, by three or four witnesses." 1 Jarm. Wills, 112. That part of section 1611 of the Code, which relates to signing by the testator, is a substantial transcript of the words of the English statute relating to the same subject.

It is the settled construction of the English statute, and of similar statutes in the United States, that the signature of the testator, or of the witnesses, by making a mark, is sufficient; and where the testator has signed by making a mark, it is not necessary to prove that he could not write his name at the time.—Baker v. Dening, 8 Ad. & El. 94; Harrison v. Harrison, 8 Vesey, jr. 185; Jackson v. Van Dusen, 5 Johnson, 144; Adams v. Chaplin, 1 Hill's Ch. 266; Flannery's Will, 24 Penn. 502; Chaffee v. Baptist M. C., 10 Paige, 85; Pridgen v. Pridgen, 13 Ired. 259; Den v. Milton, 7 Halsted, 70; 9 Louisiana, 512; Wilson v. Beddan, 12 Sim. 28; Upchurch v. Upchurch, 16 B. Mon. 102; In re Savory, 6 Eng. L. & E. 583; Rosser v. Franklin, 6 Gratt. 1; 1 Greenl. Ev. § 272, and note 2; 1 Wms. Exrs. 63. Nor is it necessary that the name of the testator should appear on the face of the will, or be attached to the mark which he makes as his signature. If the amanuensis inaccurately writes the wrong name in the body of the will, or to the mark of the testator, the execution is nevertheless good, as the statute has not exacted correctness in these particulars; its requisition being merely, that the will be signed *by* the testator—

not that it be signed in *the name of the testator*—and any signature intended to authenticate the instrument would be sufficient for this purpose.—See 1 Jarm. Wills, 144.

Thus, a testatrix signed her will with a mark, her name not appearing upon the face of the instrument: held to be a sufficient signing.—*In re* Bryce, 2 Curteis' Ecc. R. 325. In *In re* Ashmore, (3 Curteis' Ecc. R. 756,) a testatrix had produced a codicil, all in her own hand-writing, and with her signature made thereto, to two witnesses, present at the same time, who, at her request, made their marks thereto; the testatrix wrote the names of the witnesses opposite their respective marks, and by mistake a wrong surname of one of them. Sir Herbert Jenner Fust, said: "It is quite clear, upon the affidavits, that the deceased must have written the name of Cummins, by mistake, for Sharpe. I do not think this fact of any serious importance; here are two witnesses, who duly attested this paper, and recognize their mark." And the will and codicils were admitted to probate.

So it is held, that where a testator requests another person to sign the will for him, and the person thus requested signs in his own name, not in that of the testator, the signature is nevertheless a compliance with the statute. Thus, the testator, being too weak to sign the will himself, requested a Mr. Furlong to sign it for him; and Mr. F. signed the will in his own name, thus—"Signed on behalf of the testator, in his presence, and by his direction, by me, C. F. Furlong, vicar of Wakefield, Berks." The same judge said: "The statute allows a will to be signed for the testator by another person, and it does not say that the signature must be in the testator's name." The will was admitted to probate.—*In re* Clark, 2 Cur. Ecc. R. 329.

A testatrix, having duly executed her will under an *assumed name,* subsequently altered the will by erasing that name, and signing her true name; but the witnesses did not subscribe the will as altered. Probate was granted of the will as it originally stood, as the court considered that the *assumed name* might stand for and pass as the *mark* of the testatrix.—*In re* Redding, 2 Robertson's Ecc.

R. 339. See, also, Vernor v. Kirk, 30 Penns. St. R. 218.

The words of the English statute, which relate to signing by the testator, had a recognized judicial signification when they were embodied in our statute of wills; and the presumption is, that the legislature intended them to receive the construction which had been placed upon them before the adoption of the statute.—Armstrong v. Armstrong, 29 Ala. 540.

True, the Code (§ 1) provides, that "signature," or " subscription," (when used in the Code,) "*includes* mark, when the person cannot write ; his name being written near it, and witnessed by a person who writes his own name as a witness." We do not think, however, that this provision can be properly held to unsettle the established construction, which the words 'signed by the testator,' as used in our statute of wills, had received before its adoption ; and according to that construction, the testator's mark may be a valid signature, without the concurrence of all the circumstances specified in section 1 of the Code.

The citations we have made are sufficient to show, that the court did not err in permitting the proponent to prove that "Shadrach J. Bailey made his mark to the name of John S. Bailey." It does not appear, indeed, that the testator directed the witness Smith to attach any name to the mark. He made the mark himself; and if he intended thereby to authenticate the instrument as his will, this was a signing *by* him, within the meaning of the statute.

There was clearly no error in allowing the will to be read to the jury as evidence.—Morris v. Varner, 32 Ala. 499.

Decree affirmed.