# Barclift *v.* Treece.

*Action on Promissory Note, payable to Committee of Lunatic.*

1. *Grant of administration ; jurisdiction of Probate Court under constitutional provisions.*—In the grant of administrations, the jurisdiction of the Probate Court is derived from constitutional provisions, and is original, general, and unlimited; when exercised, the presumption is indulged, that the court previously ascertained the existence of the necessary jurisdictional facts; and when the record asserts the jurisdictional facts, the presumption is conclusive, though it may be that, when the record is silent, the entire want of jurisdiction can be shown.

2. *Same; under statutory provisions.*—This general grant of jurisdiction over the subject-matter, conferred by constitutional provisions, is distributed among the Probate Courts of the several counties, by statutory provisions designating the special cases in which each may act (Code, § 2349); and when any court, in the exercise of this jurisdiction, erroneously adjudges that any particular case is within its local jurisdiction, the grant of administration is not void, but may be avoided by a direct proceeding for the purpose.

3. *Same ; what are " assets " within county.*—A promissory note, or other *chose in action*, on which a suit is pending when the plaintiff dies, will support a grant of administration on his estate by the Probate Court of some county; and the validity of the grant can not be assailed by the defendant, on the ground of a want of assets in that county.

4. *Foreign grant of administration.*—If the deceased plaintiff was in fact domiciled in another State at the time of his death, and letters of administration are there granted on his estate, the foreign administrator thereby acquires no title to the assets here, nor any right to revive and prosecute the suit, without a compliance with statutory provisions (Code, §§ 2637-40) ; and any arrangement between him and the distributees, for the collection and distribution of the estate, can not bar the further prosecution of the action by the administrator appointed here.

5. *Alteration of note ; special plea averring.*—In an action on a promissory note, a special plea of *non est factum* being interposed, averring a material alteration in the date, proof of the signature is not necessary to the admission of the instrument as evidence ; if there is a suspicious alteration on its face, the *onus* is on the plaintiff to explain it; but, if not, the *onus* is on the defendant to show that it has been altered.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. LEROY F. BOX.

This action was brought in the name of James A. Reid, who was described as " a lunatic, who sues by his next friend, S. S. Walker," against John Reid ; was commenced on the 5th September, 1874, and was founded on a bond, or promissory note under seal, for $1,405, executed by the defendant and one A. O. Walker, who was not sued. The instrument sued on is not set out in the record, but it was described in the complaint as

[Barclift v. Treece.]

" payable to J. Felix Walker, committee for said James A.
Reid," and as dated the 10th day of June, 1851, or (in the sec-
ónd count) 1857.   The defendant filed a special plea, verified
by affidavit, alleging that the instrument sued on " was not ex-
ecuted by him at the time it purports to bear date, nor by any
one authorized to bind him ; that the said bond has been changed
and altered, without his authority or consent, since the execu-
tion and delivery thereof, from, to-wit, the 10th June, 1857, to
the 10th June, 1851."   The defendant having afterwards died,
the suit was revived against H. H. Barclift as his administrator :
and the death of the plaintiff, said James A. Reid, being after-
wards suggested, the suit was revived in the name of Daniel
A. Treece, to whom, as sheriff, letters of administration on his
estate were granted by the Probate Court of St. Clair county,
but at what time the record does not show.

The defendant administrator appeared, and filed two special
pleas, as follows: (1.) That said James A. Reid died, intestate,
in South Carolina, where he resided and was domiciled ; that
he left no assets in said county of St. Clair, and no assets of his
estate were afterwards brought into said county ; that the Pro-
bate Court of said county of St. Clair had no jurisdiction,
authority or right to appoint the sheriff of said county, *ex officio*,
as administrator of said James A. Reid, " and that said plaintiff,
as sheriff as aforesaid, is not now, and never was, *ex officio*, ad-
ministrator of said decedent." (2.) That said James A. Reid died
in South Carolina, where he resided, intestate, and free from
any debts, claims or demands against his estate; that the heirs
at law and distributees of his estate were all of full age at the
time of his death ; that letters of administration on his estate
were regularly granted, in April, 1881, by the proper court in
South Carolina having jurisdiction of his estate, to James A.
Walker ; that the whole estate of said intestate, including the
demand here sued on, has, since said grant of administra-
tion, " been fully settled, divided and distributed, by and
among the said heirs and distributees, and by and with the
consent and agreement of said Walker as administrator;
and that, as a part of said settlement and distribution,
the demand here sued on was, by the said parties in interest,
released and set over unto Mary P. Johnson and others, sole
heirs and distributees of said estate, and this suit was agreed to
be dismissed."   The court sustained a demurrer to each of these
pleas, and the cause was tried, as the judgment-entry recites,
" on issues joined ; " but the bill of exceptions states that it was
tried " on the following pleas: 1st, a plea averring, in general
terms, that the plaintiff was not administrator of said James
A. Reid, deceased ; 2d, want of consideration ; 3d, the special
plea filed by the defendant in his life-time, averring an altera-

34

[Barclift v. Treece.]

tion in the date of the note sued on; and, 4th, a plea suggesting the declaration of the insolvency of said estate, which was, however, confessed and admitted by plaintiff."

On the trial, as the bill of exceptions states, the plaintiff offered in evidence a bond, " as described in the first count in the complaint, purporting to bear date June 10th, 1851"; and the court admitted it, against the defendant's objection, without any proof of its execution, "holding and ruling that said special plea, alleging an alteration in the date of said bond, was not a plea of *non est factum*, and did not put plaintiff upon any proof of the execution of said bond;" to which ruling and action the defendant duly excepted. The plaintiff read in evidence, also, without objection on the part of the defendant, an indorsement of a credit on said bond, and the letters of administration granted to him by the Probate Court of St. Clair county. The defendant offered to prove "that said James A. Reid died, intestate, in South Carolina, being at the time a resident of that State; that he left no assets in said county of St. Clair, Alabama, and that no assets of his estate had since been brought into said county." The court excluded this evidence, on the plaintiff's objection, and the defendant excepted. This being all the evidence, "the question was again raised, during the argument, as to the sufficiency of said special plea; but the court adhered to its former ruling, and held that said plea did not put plaintiff upon any proof of the execution of said instrument; to which ruling and action defendant again excepted."

On this evidence, the defendant requested, in writing, the following charges to the jury: (1.) "If the jury believe the evidence, they must find for the defendant." (2.) "The jury must find for the defendant, on the second count of the complaint, if they believe the evidence, the plaintiff having wholly failed to produce any such bond as therein described." The court refused these charges, and the defendant duly excepted to their refusal; and he now assigns as error the refusal of said charges, and the several rulings of the court on the pleadings and evidence above stated.

HAMILL & DICKINSON, for appellant, cited *Coltart v. Allen*, 40 Ala. 155; *Bradley v. Broughton*, 30 Ala. 694; *Miller v. Jones*, 26 Ala. 247; 1 Wms. Ex'rs, 377–8; Whart. Ev. 629.

CLOPTON, J.—The action was brought in the name of the plaintiff's intestate, who was a lunatic, by his next friend, to recover on a bond, executed by the defendant's intestate, and payable to one Walker, "committee" for the plaintiff. The plaintiff died during the pendency of the suit, and it was revived in the name of the appellee, as his personal representa-

tive, to whom administration was committed by the Probate Court of St. Clair county. Thereupon, a plea was interposed, negativing the existence of the statutory facts which gave that court authority to grant administration, and averring that it was without jurisdiction.

The jurisdiction of the Probate Court in the grant of administrations, being derived from the constitution, is original, general, and unlimited; and when exercised, the presumption is, that the court previously ascertained the existence of the jurisdictional fact.—*Burke v. Mutch*, 66 Ala. 568. In support of the jurisdiction, everything which the record does not disprove is presumed, and the presumption is conclusive on a collateral attack, when the record asserts the jurisdictional fact. But, when it is silent, it may be that the *entire* want of jurisdiction can be shown.—*Hatchett v. Billingslea*, 65 Ala. 16.

The constitutional grant confers jurisdiction over the subject-matter. The statute (Code, § 2349) designates the particular cases, wherein the courts have authority to grant jurisdiction within their respective counties. The original and general grant relates to the subject-matter, while the statutory authority concerns special cases arising under the constitutional grant. When there is no subject-matter, on which the general grant can operate, there is no ground of jurisdiction in any Probate Court of the State; but, when there is a subject-matter, which gives some Probate Court in the State jurisdiction, and the court of another county erroneously adjudges that the case pertains to its local jurisdiction, the grant of administration may be avoided by a direct proceeding for that purpose, but is not void.—*Coltart v. Allen*, 40 Ala. 155. The difference consists in the distinction between jurisdiction of the subject-matter, and local jurisdiction of a particular case.

The bond sued on constituted assets in the State, sufficient to give jurisdiction to some Probate Court. The action having been brought by the plaintiff's intestate in his life-time, and administration having been granted by the Probate Court of St. Clair county, though it may have been erroneously adjudged that the case pertained to its jurisdiction, it is not permissible for the defendant to assail, in this suit, the validity of the grant of administration to the plaintiff. His letters of administration, under such circumstances, are conclusive evidence of his authority until revoked, and exclude every other Probate Court from jurisdiction, and extend to all the property of the deceased in this State.—Code, § 2376.

The letters of administration granted in South Carolina, the domicile of the decedent, have no extra-territorial operation. Without compliance with the provisions of our statutes, the foreign administrator has no authority to recover or receive

[Barclift v. Treece.]

assets located in this State.—*Hatchett v. Berney*, 65 Ala. 39. No title to the personal property situated here is cast on him or the distributees; and no arrangement between them for the distribution of the estate, including the bond sued on, can operate to defeat the title of the personal representative appointed in this State, or his right to recover the personal assets in this jurisdiction, or divest the domestic court of jurisdiction of the administration. The suit could be revived and prosecuted only by a personal representative, and such arrangement and distribution do not bar the further maintenance of the action.

When *non est factum*, denying the *execution* of the instrument the foundation of the suit, is pleaded, it is proper, if the instrument is correctly described in the complaint, to permit it to be read to the jury, without any additional evidence, in order that the plaintiff may offer proof of its genuineness, or that it was the defendant's act.—*Catlin v. Gilden*, 3 Ala. 536; *Morris v. Varner*, 32 Ala. 499. The plea filed by the defendant's intestate, though in legal effect a plea of *non est factum*, virtually admitted the genuineness of the signature to the bond, but denied its validity, or that it was the defendant's act in law, because of an alleged alteration in the date. It is unnecessary to prove what is admitted by the plea. In such case, the rules applicable are those which govern in cases of altered instruments. If a suspicious alteration is apparent on the bond, it is incumbent on the plaintiff to furnish a satisfactory explanation; but, if it is not apparent, the *onus* is on the other party to show that it has been altered. The bill of exceptions, which purports to set out all the evidence, does not state there was any apparent alteration. Proof of the signature to the bond was not antecedent and preliminary to reading it to the jury. The objection to its introduction was prematurely made. If additional evidence was necessary, and not offered, the question should have been raised by a motion to exclude, or by a charge on the effect of the evidence.

On the clear and uncontroverted facts shown by the record, the plaintiff has a right to recover; and as it affirmatively appears that the recovery did not exceed the amount to which he is entitled, the refusal of the second charge asked by defendant is, if erroneous, error without injury.

Affirmed.