# Beasley et al. v. Clarke.

*Statutory Action of Ejectment.*

1. *Certified copy of patent from land office; admissible in evidence without accounting for original.*—A copy of a patent, certified by the commissioner of the general land office, under the seal of that office, is admissible in evidence, without producing or accounting for the absence of the original patent itself.

2. *Adverse possession; admissible evidence.*—In an action of ejectment, where defendants claim title by adverse possession by themselves and those through whom they acquired possession, a witness is properly allowed to testify that he was present when the original

grantor, from whom defendants, through mesne conveyances, derive possession, and the plaintiff made an oral trade by which said grantor took plaintiff's cattle and stock, and that the latter then said he would leave his lands in possession of the former; such evidence tending to show that defendants' original grantor's possession was in subordination to plaintiff's title, it was not necessary for its competency that the trade referred to should have been in writing

3. *Same.*—In such a case evidence that while one of defendants' intermediate holders was in possession with her husband, the latter said that the original grantor told him while in posssssion of the lands, that the way he came into possession was by reason of a trade with plaintiff in which he was to take care of plaintiff's land for him, is purely hearsay, and inadmissible.

4. *Declarations while in possession of property; res gestae.*—In an action of ejectment, the testimony of a witness that he heard one, through whom defendant claims, say while in possession of the lands sued for that the lands belonged to plaintiff, is part of the *res gestae*, and, therefore, admissible evidence.

5. *Irrelevant and illegal evidence.*—In an action of ejectment, where defendant claims under adverse possession, evidence that a tenant of defendant refused to surrender possession to defendant, and had to be ousted by suit, has no pertinency to the issues involved, is illegal and is properly excluded.

6. *Title by adverse possession; holding must be actual and not constructive.*—In order to give title by adverse holding. the possession relied on must be open and actual as opposed to mere constructive possession, such as title alone gives; a constructive disseizin or ouster being insufficient to ripen into title by adverse possession.

7. *Same; leasing lands by adverse holder.*—The mere leasing of lands by one claiming title, when the lessee never went into possession, but allowed the land to remain unused and unoccupied during the term of the lease, does not constitute actual possession, and can not be the basis of a claim of adverse possession during the term of the lease.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. J. M. CARMICHAEL.

This was a statutory real action in the nature of ejectment, brought by the appellee against the appellants, to recover the possession of certain described lands.

The action was originally commenced against E. R. Beasley as the sole defendant, but, by request, V. Holman was made a party defendant. Issue was joined on the plea of the general issue. The facts of the case and the rulings of the court upon the evidence are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendants requested the court to give the following written

charges, and separately excepted to the refusal to give each of them : (1.) "A possession to be adverse must operate to disseize or oust some other claimant of his possession or right of possession. It need not be actual so as to partake of the nature of physical force, but may well be constructive disseizen or ouster." (2.) "If the jury find from the evidence that during the years 1880 and 1881 Mrs. Milligan rented the lands to tenants for those years, and if they further find that the tenants failed to cultivate said lands for said years, the defend- ant is not responsible because of that failure of Mrs. Milligan's tenants, the place being rented to tenants, the tenants could cultivate the land or not just as the tenants pleased during those years. If her tenants re- fused or failed to make a crop that fact alone would not break the continuity of Mrs. Milligan's possession, because the tenants could or could not make a crop just as they pleased."

There was judgment for plaintiff. Defendants appeal, and assign as error the rulings of the court upon the evidence and the refusal to give the charges requested by them.

H. L. MARTIN, H. H. BLACKMAN and M. E. MILLIGAN, for appellants.

W. D. ROBERTS, contra.

HEAD, J.—Statutory real action by appellee against appellants. Plaintiff claimed title under patent to him from the general government, dated September 1, 1858. Defendants claimed title by adverse possession for ten years of themselves and those through whom they ac- quired possession.

Against the objection and exception of defendants, plaintiff was allowed to introduce in evidence a copy of his patent, certified by the Commissioner of the General Land Office, under the seal of that office, without ac- counting for the original. There was no error in this ruling, as settled by *Hines v. Greenlee*, 3 Ala. 73, and *Woodstock Iron Co. v. Roberts*, 87 Ala. 436.

There was evidence in behalf of the defendants tend- ing to show that one H. T. Wilkinson purchased the land sued for from the plaintiff in 1859, and went into

immediate possession and held the same adversely, as his own, until his death in 1873; and that thereafter his executor, W. W. Wilkinson, held possession until 1874, when he sold to Mrs. T. M. Milligan. Said W. W. Wilkinson and Jane Donnell were the only heirs of said H. T. Wilkinson, and they both sold their interests in the land to Mrs. Milligan in 1874. It appears that Jane Donnell executed a deed to Mrs. Milligan, but it is not stated in the evidence that W. W. Wilkinson did. The evidence of defendants further tended to show that Mrs. Milligan thereafter held the land in adverse possession, until 1885, when she "deeded" it to defendant, Holman, who held it in adverse possession until the trial. The plaintiff gave evidence tending to show that the possession of H. T. Wilkinson, from 1859 until his death, was under and in subordination, and not adverse, to his, plaintiff's title; and that there was no actual possession of the land by any one during the years 1880 and 1881. This suit was instituted on the 23d day of February, 1890. The defendants gave evidence tending to show that Mrs. Milligan rented the land, for the years 1880 and 1881, to Mrs. Stapleton and Mary Donnell, and made some advances to the latter, in 1881, to make a crop on the place that year; and that she collected the rents for the year 1880, but none for 1881. Plaintiff's evidence tended to show that these persons, Stapleton and Donnell, did not occupy or cultivate the lands those years, but the bill of exceptions recites that they "lived in a house about fifteen feet from the Clark land, though the houses were known as the Clark houses, and were the houses that Clark built, yet on a survey it turned out that the houses were not on the Clark land, but were on a public forty acres, about fifteen feet from the Clark land. The last fact was not known until 1883, when the survey was made. The lots, cribs, buggy house, gardens were on the Clark lands." It is not stated that these latter—the lots, cribs, &c.—were possessed or used by the tenants, Stapleton and Donnell, or that they were in any wise appurtenant to the houses occupied by them. Nor is there any evidence that Mrs. Milligan held color of title to the lands, at that time, except the recital in the bill of exceptions that Jane Donnell "deeded" her interest in the lands to Mrs. Milligan in 1874. These are the tendencies of the evidence upon

which the questions presented for .decision arise.

Plaintiff proved by one Gleason that he was present when Wilkinson and plaintiff made a trade by which he, Wilkinson, took plaintiff's cattle and stock, and plaintiff said he would leave his lands in possession of Wilkinson; that said trade was not in writing. The court overruled a motion to exclude this evidence made on the ground that the trade was not in writing, and defendant excepted. There was no error in this ruling. The evidence tended to show that Wilkinson's possession was in subordination to plaintiff's title. Writing was not necessary. The court, however, erred in permitting the witness, Nickols, to testify that in 1877, on the Clark place, while Dr. Milligan was in possession of the land along with his wife, he heard Dr. Milligan say that H. T. Wilkinson, while in possession of said lands, told him, Milligan, the way he came into possession of the land was that he bought Clark's cattle and stock and in the trade he was to take care of Clark's land for him. The evidence was purely hearsay. It was not *res gestae* of Dr. Milligan's possession, in right of his wife, for it was but the recital of past declarations of Wilkinson, in no way explanatory of the character of Milligan's possession. As a declaration of Wilkinson showing the nature of his then possession, (conceding that such was its effect as *res gestae*, which we do not decide, see 1 Brick. Dig. 843, § 560), it was not properly proven—the evidence offered to prove it being hearsay.

There was no error in the refusal of the court to exclude the testimony of Chancellor that he heard Wilkinson say while in possession of the land that "the land was Clark's land." It was part of the *res gestae* and admissible.—1 Brick Dig. 844, §§ 567, 568. Evidence that Howell, a tenant of the defendant, refused to surrender possession to defendant, and had to be turned out by suit, was clearly illegal and was properly excluded.

In order to give title by adverse holding, the possession relied on must be actual and open. Mere constructive possession, such as title alone gives, is not sufficient. The first charge requested by defendant was, therefore, properly refused.

The leasing of lands by one claiming title does not constitute such actual possession as is necessary to give

title by adverse possession, when it appears that the lessee never went into possession at all, but suffered the land to be unused and unoccupied during the term of the lease. The fact that the lessee was faithless to his contract must, in such connection, be visited upon the lessor, rather than the true owner of the land, who is entitled to know, from the fact of actual occupancy, that a claim adverse to him is being asserted. The second charge requested by defendant was, therefore, properly refused.

For the error pointed out the judgment of the circuit court is reversed and the cause remanded.