# Beasley *et al. v.* Howell, Admr.

## *Statutory Action of Ejectment.*

| 117 | 499 |
| 118 | 179 |
| 117 | 499 |
| 125 | 396 |
| 117 | 499 |
| 132 | 229 |
| 117 | 499 |
| 135 | 326 |

1. *Grant of letters of administration; jurisdiction of court to grant letters to administrator de bonis non; collateral attack.*—Where a probate court of one county has jurisdiction of the estate of a decedent, acquired by having previously appointed an administrator in chief of such estate, said court has, under the statute (Code of 1886, § 2064; Code of 1896, § 111) exclusive jurisdiction and power to appoint an administrator *de bonis non*; and the grant of letters of administration to an administrator *de bonis non* by the probate court of another county, while the court appointing the administrator in chief retained jurisdiction of the estate, is absolutely void for want of jurisdiction, and on collateral attack such want of jurisdiction may be shown.

2. *Action of ejectment; revivor in the name of administrator.*—An action of ejectment, which, upon the death of the original plaintiff, had been revived in the name of the administrator of his estate appointed by the probate court of the county in which the lands sued for were situated, can not, upon the resignation of such administrator, be revived and prosecuted in the name of the administrator *de bonis non* subsequently appointed by the probate court of another county, of which the deceased was a resident at the time of his death, but in

[Beasley *et al.* v. Howell, Admr.]

which he left no assets; the grant of letters by the probate court of the other county to the administrator *de bonis non* being absolutely void for want of jurisdiction in such court to make the appointment.

3. *Revivor; within what time must be made.*—Under the provisions of the statute (Code of 1886, § 2603; Code of 1896, § 38), revivor in favor of or against a legal representative can be made at any time within eighteen months from the occurrence of the events which make it necessary; and the same rule applies where revivor is sought in the name of a succeeding administrator or other successor in the right to sue or be sued in the place of the one removed, as where revivor is made necessary by the death of the original party.

4. *Title by adverse possession; holding must be actual and not constructive.*—In order to give title by adverse holding, the possession relied on must be actual, open, notorious, exclusive, hostile and continuous for a period of ten years, as distinguished from a permissive possession or possession in subordination to the right or title of another.

5. *Same; burden of proof.*—Where one claims title by adverse possession, the burden is upon him to prove that such possession was adverse.

6. *Same; when continuity in possession not broken.*—A mere vacancy in the occupancy of agricultural lands for a reasonable time, caused by the abandonment of the land by one tenant and the putting of another in possession, does not, necessarily, break the continuity of the landlord's possession, when there is no intention on his part to abandon the possession.

7. *Same; same; facts of this case.*—Where it is shown that the tenant was put in possession of land, and after beginning to make a crop abandoned possession, without the landlord's knowledge, in May, and that in the summer or fall of the same year, the landlord put another tenant in possession, such vacancy in the occupancy of the land did not, as matter of law, constitute a break in the continuity of the landlord's possession.

8. *Ejectment; declaration while in possession of property admissible; res gestae.*—In an action of ejectment, the testimony of a witness that he heard one through whom the defendant claims title say, while in possession of the land sued for, that the lands belonged to the plaintiff, is a part of the *res gestae*, and is, therefore, admissible in evidence.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. JOHN P. HUBBARD, Special Judge.

This was a statutory action of ejectment. The action was originally commenced by James W. Clark against E. R. Beasley; but upon motion V. J. Holman was made a party defendant. Before entering upon the trial

of the cause, the plaintiff moved the court to revive the cause, as then pending upon the docket in the city court, in the name of D. D. Howell as administrator of the estate of James W. Clark, deceased. The facts upon which this motion was based are sufficiently stated in the opinion. The court granted the motion and revived the cause as then pending in accordance therewith, and the defendants duly excepted. The defendants then moved to strike this cause from the docket, which said motion was based upon facts which were disclosed upon the hearing of the motion for revivor. The court refused this motion, and the defendants duly excepted. Issue was then joined upon the plea of the general issue and the statute of limitations of ten, twenty and thirty years.

The plaintiff introduced in evidence a copy of a patent issued by the United States to James W. Clark, on September 1, 1853, to the lands involved in this controversy; and then proved the rental value of the lands.

The defendant then introduced evidence tending to show that H. T. Wilkinson was the father of Jane Donnell, W. W. Wilkinson and Teresa M. Milligan, who were his only children. That H. T. Wilkinson was in possession of the lands sued for in this action in the year 1859; that Clark, the plaintiffs' intestate had had possession of the lands just prior to that time, and told the witness, who was testifying, that he had sold the land to Wilkinson. That Wilkinson remained in possession until his death, which occurred in the year 1873 or 1874. The defendant then offered in evidence several warranty deeds. from different grantors conveying the lands here sued for, the parties and the dates to which deeds were as follows : First, a deed from W. W. Wilkinson and wife to Teresa M. Milligan, dated April 22, 1875. Second, a deed from Jane Donnell and Thomas Donnell, dated March 26, 1878. Third, a deed from W. W. Wilkinson and wife to Charles Wilkinson dated August 23, 1887. Fourth, from Charles Wilkinson to V. J. Holman, dated August 25, 1885. Fifth, Teresa M. Milligan to said V. J. Holman, dated April 20, 1887. It was shown that the lands sued for was intersected by a road, and that on one side of the road were houses which were occupied by persons who had lived upon the land, and on the other side were some cleared lands which had been cultivated.

[Beasley *et al.* v. Howell, Admr.]

There was evidence introduced in behalf of the plaintiff and the defendant, respectively, tending to show that the possession of the land from the time of its entry down to the present time was by the tenants of the plaintiff's intestate on the one side or by persons who derived their title or right of possession to the land by mesne conveyances or by renting from H. T. Wilkinson. It was also shown that Mary Wilkinson went into possession of the land as the tenant of Mrs. Milligan; but that after having occupied the place for a short time she abandoned possession without the knowledge of Mrs. Milligan in or about the month of May of that year, and that the place remained unoccupied until some time in the fall.

Abraham Chandler, a witness for the plaintiff, testified that he knew Henry T. Wilkinson in his lifetime and James W. Clark in his lifetime, and that he was acquainted with the lands involved in this suit, which were known as the "Clark Place." The plaintiff then asked the witness the following question: "Did you hear H. T. Wilkinson about the year 1873 say whose place the Clark place was?" The defendant objected to this question, upon the ground that it called for illegal and irrelevant evidence, and because it did not appear that said Wilkinson was in possession of said place. The court overruled the objection and the defendants duly excepted.

Upon the introduction of Jim Boyett as a witness, he testified that his father, J. L. Boyett, was in possession of the place in the year 1884. Thereupon, the plaintiff asked the witness to state how or from whom J. L. Boyett got possession of the place. The defendant objected to the question upon the grounds that it called for illegal and irrelevant evidence and for the conclusion of the witness and was mere hearsay evidence. The court overruled the objection and the defendant duly excepted. The witness replied that J. L. Boyett made a trade with W. W. Wilkinson to buy the place and went into possession under such agreement. The other facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence the court at the request of the plaintiff gave to the jury the following written charges: (1.) "The burden of proof is upon the defendant to reasonably satisfy the jury that

H. T. Wilkinson's possession was an adverse possession." (2.) "The burden is upon the defendants to reasonably satisfy the jury that the possession of Mrs. Milligan was an adverse possession." The defendants separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by them : (1.) "If the jury believe the evidence, the verdict will be for the defendants." (2.) "The court charges the jury that if Mary Wilkinson moved on the place in 1880 and vacated a few months afterwards, and Mrs. Milligan secured another tenant within a reasonable time, then the continuity of possession was not broken." (3.) "If the jury are reasonably satisfied from the evidence that Mary Wilkinson entered into possession of the land as the tenant of Milligan under agreement to pay rent, and did plant and raise any crop upon the place, but left the place without the knowledge or consent of Milligan and left the crop upon the place, and Milligan put another tenant on the place as soon as it was ascertained that Mary Wilkinson had moved off, and within four or five days after she moved off, then the circumstances would not, as a matter of law, necessarily break the continuity of Milligan's adverse holding, if she was in the adverse possession under color of title of the land sued for." (4.) "If the jury find from the evidence, that during the years 1880 and 1881 Mrs. Milligan rented the lands to tenants for these years, and if they further find that tenants failed to cultivate said lands for said years, the defendants are not responsible because of that failure of Mrs. Milligan's tenants ; the place being rented to tenants for these years, the tenants could cultivate the lands or not, just as the tenants pleased during these years. If her tenants failed or refused to make a crop, that fact alone would not break the continuity of Mrs. Milligan's possession, because the tenants could or could not make a crop, just as they pleased."

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

M. E. MILLIGAN, for appellant, cited *Kling v. Connell,* 105 Ala. 590 ; *McDowell v. Jones,* 58 Ala. 35 ; *Nelson v.*

*Boynton*, 54 Ala. 368; *Goodson v. Brothers*, 111 Ala. 589; *Perry v. Lawson*, 112 Ala. 480.

P. N. HICKMAN, *contra.*—When a plaintiff in a pending suit dies, the suit may be revived within eighteen months after the death of the plaintiff in the name of the heirs at law, in the name of the administrator, or in the name of the administrator and the heirs at law. Code of 1886, § 2603; *Evans v. Welch*, 63 Ala. 250.

The appointment of the administrator and the letters of administration granted, and issued to him by the probate court of Coffee county were not void. They were voidable merely upon a direct proceeding to revoke them.—*Coltart v. Allen*, 40 Ala. 155; *Kling v. Connell*, 105 Ala. 590; *Barclift v. Treece*, 77 Ala. 528; *Burke v. Mutch*, 66 Ala. 568.

The appointment made by the probate court of Butler county, and the letters of administration granted and issued by the court were not void. Their validity could not be questioned upon collateral attack, as they are here assailed, even if they could have been avoided upon a direct proceeding to revoke.—*Coltart v. Allen*, 40 Ala. 155; *Kling v. Connell*, 105 Ala. 590; *Barclift v. Treece*, 77 Ala. 528; *Burke v. Mutch*, 66 Ala. 568.

The rulings upon the evidence were free from error. *Beasley v. Clarke*, 102 Ala. 254.

The proposition asserted in charge 3, requested by the defendants, has been passed upon by this court in this case on former appeal.—*Beasley v. Clarke*, 102 Ala. 254; *L. & N. R. R. Co. v. Philyaw*, 88 Ala. 264.

BRICKELL, C. J.—This was a statutory real action originally instituted by James W. Clark, against appellants in the year 1890 in the circuit court of Coffee county, to recover certain lands situated in said county together with damages for their detention. The principal question involved in the appeal is, whether the action, which upon the death of the original plaintiff, had been revived in the name of the administrator of his estate appointed by the probate court of the county in which the land is situated, can, upon the resignation of such administrator, be revived and prosecuted in the name of an administrator subsequently appointed by the probate court of another county of which the de-

ceased was a resident at the time of his death, but in which he left no assets. The facts are that said Clark died intestate in December, 1893, in Butler county, where he then resided, leaving no assets in said county, but claiming to own the lands in controversy in Coffee county. In July, 1894, letters of administration on the estate of decedent were granted by the probate court of Coffee county to D. D. Howell, and at the ensuing term of the circuit court this cause was revived in his name as such administrator. Subsequently, in May, 1895, said Howell reported to said probate court that no assets of the estate had come into his possession and resigned the trust, and an order of court was entered accepting his resignation and discharging him from further liability. In July, 1895, he applied to the probate court of Butler county for letters of administration on the estate, and the same were granted and issued to him, and he qualified as administrator under said appointment. Before entering upon the trial of the cause the above facts were stated to the court, and admitted by the defendant to be true, and a motion was made to revive the action in the name of D. D. Howell as administrator, which motion was resisted by the defendant, who moved to strike the cause from the docket. The motion to strike was refused, and the cause was revived, and this ruling of the court is assigned as error.

The jurisdiction of the probate courts of the subject matter of the grant of administration is derived from the constitution and not from the statutes. The latter merely designate the particular cases in which the courts have authority to grant administration in their respective counties. Hence, in this respect the jurisdiction of these courts is original, unlimited and general, and being such, their orders and decrees granting administration are entitled to the same presumptions, when collaterally assailed, as are extended to the decrees of other courts of general and unlimited jurisdiction. Whatever within the jurisdiction has been done will be presumed rightfully done until the contrary is shown, and facts necessary to give the court jurisdiction to grant the administration, and which must have been ascertained by the court to exist, will be conclusively presumed, on collateral attack, to have been ascertained,

[Beasley *et al.* v. Howell, Admr ]

unless the record itself affirmatively discloses the contrary.—*Kling v. Connell*, 105 Ala. 590 ; *Barclift v. Treece*, 77 Ala. 528 ; *Burnett v. Nesmith*, 62 Ala. 261 ; *Ikelheimer v. Chapman*, 32 Ala. 677 ; *Bradley v. Broughton*, 34 Ala. 694 ; 3 Brick. Dig. 455. But although this presumption is conclusive as to the existence of facts sufficient to give the court jurisdiction, it is not conclusive as to the non-existence of facts which are not necessarily involved in the determination by the court granting the administration of the question of its jurisdiction to grant the same, and which, if they existed, would exclude the jurisdiction of the court to grant the administration in a particular case, and render its act a nullity. When the record is silent as to such facts,—and in ordinary cases it is silent,—their existence may be proven, even on a collateral attack, for the purpose of showing an entire want of jurisdiction and thereby impeaching the validity of the grant. To illustrate, it cannot be shown on a collateral attack that the intestate did not reside or have assets in the county where the administration on his estate was granted, the fact of residence or possession of assets being conclusively presumed to have been ascertained by the court.—*Coltart v. Allen*, 40 Ala. 155 ; *Kling v. Connell*, 105 Ala. 590, *supra*. But it cannot be doubted that it may be shown by testimony outside of the record that at the time of the grant the probate court of another county had previously taken jurisdiction of and granted administration on the same estate, and that there was no vacancy in the administration. There cannot be at the same time and in the same jurisdiction two administrations of the same estate, yet this would be the effect if the presumption arising from the second grant was conclusive against the non-existence of any former grant. If the first grant was valid, or voidable only, the second would necessarily have to be regarded as mere nullity.—*McDowell v. Jones*, 58 Ala. 35 ; *Matthews v. Douthitt*, 27 Ala. 273. Was, then, the grant of administration by the probate court of Butler county valid, or voidable only, or was it absolutely void for want of jurisdiction? "Where the intestate, being an inhabitant of the State, dies leaving no assets subject to administration in the county of his residence, and no administration has been granted in such county within three months after the death of the intestate, then ad-

[Beasley *et al.* v. Howell, Admr.]

ministration may be granted in any county where the
intestate leaves assets."—Code of 1886, § 2013, sub-div.
5 ; (Code of 1896, § 55). The lands in Coffee county,
were assets of the estate of the intestate, and his per-
sonal representative was entitled to maintain suit to re-
cover possession thereof and damages because of their
detention. The intestate not having left assets in the
county of his residence, and administration therein not
having been granted within three months after
his death, administration was properly granted by
the probate court of Coffee county. When thus
granted the jurisdiction of the probate court
of every other county was excluded by statute—
Code of 1886, § 2034, (Code of 1896, § 77)—and so long
as the probate court of Coffee county retained jurisdic-
tion of the estate, which it had acquired by the grant of
administration, the grant of letters by the probate court
of any other county would have been a nullity, and
would have vested in the administrator appointed no
title whatever to the assets of the estate. What was the
effect, then, of the resignation of Howell, the adminis-
trator? Did it operate to terminate the exclusive juris-
diction of the probate court of Coffee county, and to re-
store to the probate court of the county of intestate's
residence, or of other counties in which there may have
been assets of the estate, the concurrent jurisdiction
which had been excluded by the grant of letters by the
probate court of Coffee county? or did the exclusive jur-
isdiction of the estate and of the appointment of an ad-
ministrator *de bonis non* still remain in the latter court?
If it had the former effect, then the subsequent grant of
administration by the probate court of Butler county
was a valid exercise of its jurisdiction, and the cause
was properly revived; if the latter, then the grant of
letters by said court was a nullity, no title to the assets
of the estate vested in the administrator thus appointed,
he was not the successor in interest of the former ad-
ministrator, and the action can not be revived in his
name. Section 2064 of the Code of 1886 (Code of 1896,
§ 111), provides that "if the sole executor, or all the
executors or administrators die, resign or are removed,
the probate court *having jurisdiction of the estate must*
grant letters of administration with the will annexed,
or of the goods, chattels, rights, etc., unadministered to

the person entitled thereto, as in cases of intestacy." The words, "the probate court having jurisdiction of the estate," can, of course, have reference only to the court which had appointed the administrator in chief. By the provisions of this statute, upon the resignation of Howell not only did the probate court of Coffee county have authority, but it was its duty, to appoint an administrator *de bonis non* of the estate of Clark, so long as it did not appear that the estate had been fully administered. This being the case, its jurisdiction remained, and necessarily excluded the jurisdiction of the probate court of any other county. The grant of administration by the probate court of one county, while the probate court of another county has jurisdiction of the estate, acquired by having previously appointed an administrator in chief, with the power and duty to appoint an administrator *de bonis non*, must necessarily be absolutely void, and not merely voidable. Such appointment could not exclude the jurisdiction of the latter court to appoint an administrator *de bonis non*, which is vested exclusively in it by section 2064, and the exercise of this jurisdiction would clothe the administrator appointed with rights paramount to those of an administrator appointed by any other court. The fact that there was a vacancy in the administration caused by the resignation of Howell, the administrator in chief, did not, therefore, operate to terminate the exclusive jurisdiction which the probate court of Coffee county had acquired by his appointment, nor to restore to the probate court of Butler county, the concurrent jurisdiction which had been excluded by the appointment of the administrator in chief by the former court. To hold otherwise would lead to the conclusion either that there can be two administrations of the same estate, within the same jurisdiction, at the same time, or that the administration of an estate, after the resignation of the administrator in chief, can be removed from the probate court of one county to that of another without legislative action, neither of which conclusions can be maintained.—*Van Hoose v. Bush*, 54 Ala. 342 ; *McDowell v. Jones*, 58 Ala. 35. As a grant of administration *de bonis non* is absolutely void for want of jurisdiction, when there is no vacancy in the administration, and as such want of jurisdiction may be shown in a collateral proceeding,

[Beasley *et al.* v. Howell, Admr.]

so, for the same reason and upon like principle, a grant of administration by one court is absolutely void for want of jurisdiction, when, at the time of the grant, another probate court had jurisdiction of the estate with the power and the duty to appoint an administrator *de bonis non*, and on a collateral attack such want of jurisdiction may be shown. The grant of administration by the probate court of Butler county was a mere nullity, conferring no rights on the administrator appointed, and the cause was, therefore, improperly revived.

But notwithstanding the cause was improperly revived, it was not error to refuse to strike the cause from the docket. Section 2603, Code of 1886, provides that upon the death or other disability of the plaintiff or defendant, if the cause of action survive, the action "must, on motion, within eighteen months thereafter be revived in the name of or against the legal representative of the deceased, his successor or party in interest." This statute authorizes a revivor in the name of the successor in interest, or in the right to sue, of the person whose death or disability made necessary the revivor, and the action may be revived within eighteen months from the occurrence of the event which renders it necessary to revive, whether such event was the death or disability of the original party, or of one in whose name the action had previously been revived.—*Brown v. Tutwiler*, 61 Ala. 372. The immediate event which made it necessary to revive the present action was the disability of the administrator, caused by his resignation, and not the death of the original plaintiff, and less than eighteen months having elapsed since the occurrence of that event, although a longer period had elapsed since the death of Clark, the motion to revive was within time to prevent the abatement of the action. Upon motion an order should have been entered reviving the cause in the name of the administrator *de bonis non* when made known. Section 2265 (Code of 1896, § 333) has reference only to actions commenced by the executor or administrator, and can not, therefore, apply in this case.

Many of the other assignments of error involve questions which were considered and determined on the former appeal of this case.—*Beasley v. Clarke*, 102 Ala. 254. The possession of land which may ripen into a title must be adverse and under a claim of right, not

permissive nor in subordination to the right or title of another,—must be actual, open, notorious, exclusive, hostile and continuous for the period of ten years, and the burden of proof is on one who claims title by reason of adverse possession to prove that the possession was adverse. If either of these characteristics of the possession be wanting the bar of the statute is not complete. There was no error in giving charges 1 and 2 at the request of the plaintiff. Charges "A" and "B" requested by the defendant were properly refused because they predicate the right to a verdict upon actual possession only. The general charge in favor of the defendants was properly refused. A mere vacancy in the occupancy of agricultural land for a reasonable time, caused by the abandonment of the land by one tenant and the putting of another in possession, does not necessarily break the continuity of the landlord's possession, when there in no intention on his part to abandon the possession. A vacancy of this character for a period of two months has been held not to constitute an interruption of the continuous possession.—*Gary v. Woodham*, 103 Ala. 421. There was evidence tending to show that one who had been put in possession of the land in controversy in 1880 by the grantor of defendant, after beginning to make a crop abandoned the land without the landlord's knowledge in May of that year, and that in the summer or fall of the same year the landlord put another tenant in possession. These facts did not necessarily constitute a break in the continuity of the landlord's possession. Charge 2, requested by defendant, does not correctly hypothesize these facts, and was properly refused, but charge 3 should have been given. Charge 4 was considered on the former appeal and held to have been properly refused. The court did not err in admitting the testimony of Chandler that Wilkinson had told him in the fall of 1873 that "the land did not belong to him, but belonged to Clark," since the evidence was undisputed that Wilkinson was in possession of the land from 1858 or 1859 until his death in 1874; the character of that possession alone being disputed.— *Beasley v. Clarke*, 102 Ala. 258. The testimony as to the source and character of Boyett's possession was properly admitted, tending, as it did, to show a continuance of

the possession of those through whom defendants claimed title.

The judgment of the lower court is reversed and the cause remanded.