# Dawkins *v.* Dawkins, *et al.*

### *Will Contest.*

(Decided November 12, 1912.   Rehearing denied December 17, 1912.
60 South. 289.)

*Wills; Execution; Witnesses; Qualifications.*—Where a testatrix could not write and her name was signed to a will in her presence, by her direction, by one of the witnesses, it was essential, under section 6172, Code 1907, that both witnesses should subscribe their own name; hence, where one of them was only able to write one of the capital letters of his name, and could not complete the name without the involuntary guidance of his hand by the other witness, the will was not legally executed.

APPEAL from Macon Probate Court.

Heard before Hon. M. B. ABERCROMBIE.

Petition by Anderson Dawkins to probate the will of Martha Dawkins, deceased.   Contest by James W. Dawkins and others.   From a decree for contestants, proponent appeals.   Affirmed.

OSCAR S. LEWIS, for appellant.   Section 6172, Code 1907, is identical with section 1611, Code 1852 and a substantial re-enactment of the English statute.—29 Cal. 2d. Chap. 3, and should receive the same construction.—*Armstrong v. Armstrong,* 29 Ala. 538; *Bailey v. Bailey,* 35 Ala. 687.   The English authorities hold that a person may sign by mark even though he can write.— *Baker v. Denning,* 8 Ad. & E. 94; *Jackson v. Van Duzen,* 5 John. 144; *Upchurch v. Upchurch,* 16 B. Monroe, 102; 1st Wm. Ex. 3rd Ed. 79; *In re Savoy,* 6 Eng. L. & E., 583; *Jessie v. Parker,* 6 Gratt. 57; *Den. v. Milton,* 7 Halstead, 70; 52 'Amer. Dec. 102; *Lord v. Lord,* 42 Amer. Dec. 566; 40 Cyc. 1104; 61 Pa. St., 196; 2 Bradf. Surr. R. 96; 22 L. R. A., 370; also 299 note D.

MERRITT & RILEY, and A. D. PAINE, for appellee. A proper attestation of the will was not shown and the court properly directed a verdict for the contestant.— Sections 1 and 6172, Code 1907; *Garrett v. Heflin,* 98 Ala. 620. The following cases are cited as bearing on the contention of appellee; *Riley v. Riley,* 36 Ala. 496; *O'Neal v. Robinson,* 45 Ala. 526; *Baker v. Bell,* 46 Ala. 232; *O'Donnell v. Rodiger,* 76 Ala. 227.

McCLELLAN, J.—The affirmative charge was given for the contestants upon the trial of the contest of the probate of the alleged last will and testament of Martha Dawkins, deceased.

The theory prevailing with the court was that the paper propounded for probate was not "attested" and "subscribed" by *two* witnesses as the law (Code, § 6172) prescribes. The paper propounded was written by W. E. Dozier, an attorney. The name, "Martha Dawkins," was affixed to the paper by Dozier at her request and in her presence. She made her mark thereto, between the words of her name, Dozier holding the pen with her. Dozier subscribed his name thereto as a witness, within the prescriptions of the law therefor. The other name appearing as a subscribing witness is that of Joe Dawkins, who was present on the occasion. His name was placed on the papers under these circumstances, and as the bill recites: " * * * That Joe Dawkins was not able to write his name well; that witness (Dozier) took a separate piece of paper, and had the said Joe Dawkins practice writing his name, and sign his name as a witness thereto by W. E. Dozier holding the bottom of the pen and Joe Dawkins holding the pen just above the hand of said Dozier, and they together traced the name of Joe, when the witness Dozier turned the pen loose, and Joe Dawkins made the letter D, and the witness

Dozier again got hold of the pen, and, Joe Dawkins holding thereto, wrote the balance of the name of Dawkins; that this was done in the presence of Martha Dawkins, and Joe Dawkins witnessed the will, as above stated, at her request.   *   *   * "

Joe Dawkins testified, as presently important, as follows: " *   *   *   That the said Dozier wrote it [the alleged will] at the dictation of his sister, Martha Dawkins;   *   *   *   that she then requested Mr. Dozier to sign her name for her to the will, which he did, and she touched the pen and made her mark; that she could not write; that W. E. Dozier, in her presence, and at her request, signed the instrument as a witness; that she asked me (Joe Dawkins) to witness the will, and, as I could not write very well, I asked Mr. Doizer to help me, and while Mr. Dozier held the bottom of the pen, and I held the top next to his hand, Mr. Dozier guiding the pen, I signed my name as a witness to said will in the presence of the said Martha Dawkins. I can write a little, but not much. I recognize the paper, as above identified, as the paper that I signed as a witness in the manner herein above set forth. The witness further testified that he could not read, and was shown the will and asked to read the same, and could not read a single word.   *   *   * "

The evidence was without conflict that Martha Dawkins could not write. Whether we take the writing of Martha Dawkins' name on the paper by Dozier at her request and in her presence, or, on the other hand, the affixing of her mark thereto, as the physical act of execution thereof, it is clear, under our decisions, that this feature of due execution was fully accomplished by the party to be bound thereby. It is, of course, certain that Dozier's attestation met all legal requirements.

It is insisted that, where the testator does not write his name in execution of the paper, two subscribing witnesses thereto must write, each, his own name. In *Garrett v. Heflin,* 98 Ala. 615, 610, 13 South. 326, 327 (39 Am. St. Rep. 89) it is said: "Of course, under our statute (section 1 of the Code) where the testator or grantor cannot write, but subscribes by making his mark, the attesting witnesses must write their names. A mark in such case is insufficient."

Under the state of the evidence shown by this record, it must be concluded, as of fact, that Joe Dawkins did. not write his name in attestation of Martha Dawkins' execution of the paper; she being shown, undisputedly, to be unable to write. His participation in the act of affixing his name on the paper was, except in the making of the letter D, that of an involuntary guidance of his hand, by Dozier, in the formation of Dawkins' name on the paper, as he expressly testified. At most, Dawkins, himself, only made his *mark* upon the paper, viz., the letter D. If Martha Dawkins had written her own name in execution of the paper, such an attestation as Dawkins made would have sufficed.—*Garrett v. Heflin, supra.*

The case of *Riley v. Riley,* 36 Ala. 496, and *Bailey's Heirs v. Bailey's Ex'r,* 35 Ala. 690, were especially considered in *Garrett v. Heflin,* and their conclusions were adhered to. The particular question, in this connection, dealt with in *Riley v. Riley,* was whether the writing of an attesting witness' name by another attesting witness, when the former could write, afforded the attestation and subscription the laws exact. The court ruled that it did not. *Bailey v. Bailey* concerned the legal sufficiency of a testator's execution by the employment of his mark in connection with a name, written by another, not his own. The court upheld the sufficiency

of the testator's execution of the instrument, notwithstanding the use of the wrong name by the scrivener. There are references in these two cases to English rulings that do not accord with that we have quoted from *Garrett v. Heflin;* but the particular questions presented and decided in those cases invited no pronouncement opposed to the quoted ruling of *Garrett v. Heflin.*

The statute (Code, § 1) construed in *Garrett v. Heflin* has been re-adopted with that construction impressed upon it. We are constrained to now adhere thereto. The fact that Martha Dawkins' name was written by Dozier at her request and in her presence cannot affect the conclusion. Its sound reason holds, even though that had been the only mode of Martha Dawkins' execution of the instrument. A testator may effectually execute by mark . If it should be held that one attesting witness might subscribe by mark, then, obviously, two or more could do so. In that event we would have an instrument without the basis for proof of its execution by showing the handwriting of attesting witnesses who were beyond the reach of examination or who had become incompetent to testify in the premises.—Code, §§ 6186, 6187. The matter is of too much importance and the consequences of too grave a nature to allow a pronouncement that would attain such a result.

The affirmative charge was properly given. The instrument was not attested and subscribed as the law requires.—Code, § 6172.

Affirmed. All the Justices concur.