(77 South. 234)

WADE et al. v. COLE et al. (8 Div. 877.)

(Supreme Court of Alabama. Dec. 20, 1917.)

WILLS ⟨key⟩123(2)—EXECUTION—ATTESTATION—"SUBSCRIPTION" BY WITNESS — "SIGNATURE."

Code 1907, § 1, provides, relative to the words used in the Code, that the word "signature" or "subscription" includes mark when

the person cannot write; his name being written near it and witnessed by a person who writes his own name as a witness. Section 6172 requires wills to be in writing, signed by the testator, or some person in his presence, and by his direction, and attested by at least two witnesses who must subscribe their names thereto in the presence of the testator. *Held* that, where the testator signs his own name to the will, the attestation may be by witnesses who subscribe by merely making their marks, but where the testator signs by mark only the attestation must be by two witnesses who write their own names, and, in such a case, the will was *not* sufficiently attested where one of the witnesses could neither read nor write, and his alleged signature was but a conglomeration of marks, bearing a rude resemblance to several letters of the alphabet, but which could not be regarded as a subscription of his name.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Signature.]

Appeal from Probate Court, Lauderdale County.; Paul Hodges, Special Judge.

Petition by Bettie Cole and another for probate of the will of James Canaday, with contest by Josh Wade and another. From a decree admitting the will to probate, contestants appeal. Reversed and remanded.

Mitchell & Hughston, of Florence, for appellants. Williams & Roberts, of Florence, for appellees.

SOMERVILLE, J. Where the testator signs his own name to a will, the attestation may be by witnesses who subscribe their names by merely making their marks. Garrett v. Heflin, 98 Ala. 615, 13 South. 326, 39 Am. St. Rep. 89; Code, §§ 1, 6172. But where the testator signs by mark only, the attestation must be by two witnesses *who write their own names.* Dawkins v. Dawkins, 179 Ala. 666, 60 South. 289. In such case a mark, whether it be the usual cross, or some peculiar mark, or combination of marks or symbols, habitually used by the witness in lieu of his written name, does not answer the statutory requirement. That requirement is that an attesting witness *must write his name,* and not merely meaningless marks which any illiterate witness might adopt as his own substitute therefor.

The witness Parker, as the testimony clearly shows, could neither read nor write. His alleged signature is but a conglomeration of marks which bear a rude resemblance to several letters of the alphabet, but which cannot, even by an elastic imagination, be regarded as a subscription of the name of the witness. In Dawkins v. Dawkins, supra, the attesting witness, one Joe Dawkins, wrote his name with the aid of another who held the bottom of the pen. The letter "D" of "Dawkins" was made by the witness alone, but it was held, as matter of law, that the witness had not written his name as required by the law, and the probate of the will was denied.

If such a signature as the one here presented is to be regarded as sufficient, then the statutory requirement for such cases is useless. Manifestly the law intends to exclude such attestations where the testator does not subscribe his own name. We think the will exhibited is without a legal attestation, and that the trial judge erred in instructing the jury for the proponents, and in not instructing as requested for the contestants.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD, and THOMAS, JJ., concur.